IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KURT CHADWELL, Individually and as a Personal
Representative of the Estate of Decedent E.E. Chadwell,

        Plaintiff,

v.                                                           Case No. 20-1372-JWB

UNITED STATES OF AMERICA,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion for partial summary judgment. (Doc. 73.) The motion has been fully briefed and is ripe for decision. (Docs. 74, 106, 107, 119.) For the reasons provided herein, Defendant's motion is GRANTED IN PART and DENIED IN PART.

**I.    Facts and Procedural History**

This is a negligence action against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346. Following a stroke in the second half of 2013, Earl Chadwell ("Earl") sought treatment at the VA Medical Center ("VAMC") in Wichita, Kansas. Earl had two sons, Plaintiff Kurt Chadwell and Mark Chadwell. Earl died on August 17, 2014. Plaintiff is the sole administrator of the estate of the decedent; he is also the sole heir and beneficiary of the estate after Mark disclaimed his interest in the estate. (Docs. 74 at 3; 107 at 2.)

On February 10, 2016, Plaintiff submitted an administrative claim to the VA utilizing Standard Form-95 ("SF-95"). (Doc. 54-1.) In that claim, Plaintiff alleged that VAMC employees were negligent in providing medical care to Earl. Plaintiff set forth the amount of damages sought which included $5 million in personal injury and $5 million for wrongful death. With respect to

1

the personal injury amount, $300,000 was allocated to Plaintiff in his personal capacity and $4,700,000 to the decedent. (*Id.* at 11.) With respect to the wrongful death damages, that amount was sought by both Plaintiff and Mark. (*Id.*)

Plaintiff filed a complaint against Defendant asserting a survival claim under K.S.A. 60-1801 on behalf of the estate and a wrongful death claim under K.S.A. 60-1901 on his behalf as an heir. (Doc. 1.) Plaintiff also brought claims of negligent supervision and outrage. The complaint sought damages on behalf of both Plaintiff and Mark. Plaintiff filed the action pro se as both the personal representative of the estate and individually.[1] Mark was not named as a party to the action. Defendant moved to dismiss the claims by the estate on the basis that an individual proceeding pro se cannot represent an estate with multiple beneficiaries. (Doc. 10.) Defendant also sought to dismiss any claims filed on behalf of Mark. On February 24, 2022, the court granted Defendant's motion on the basis that a pro se Plaintiff cannot represent an estate with multiple beneficiaries and cannot represent third parties. (Doc. 33.) The court provided Plaintiff with an opportunity to file an amended complaint.

In March 2022, Plaintiff filed a petition in state probate court seeking an order that Plaintiff was the sole heir of the decedent's estate. (Doc. 54-4.) Plaintiff submitted a disclaimer of interest in which Mark disclaimed any interest in the property of the estate. The sole property of the estate was identified as the estate's survival claim against Defendant. (*Id.* at 6–7.) The probate court held that Plaintiff was the sole beneficiary of the estate and the sole heir to the estate's only asset. (*Id.* at 7.) Plaintiff then filed a motion for leave to file an amended complaint. (Doc. 47.) Plaintiff's motion was granted in part and denied in part. (Doc. 52.) After review of the proposed amended complaint and the allegation that Plaintiff was the sole heir of the estate, Plaintiff was

---

[1] Plaintiff is a licensed attorney in Texas but is not licensed in this court or in the state of Kansas. (Doc. 33 at 4.) Because Plaintiff is a licensed attorney, the court does not construe his filings liberally. (*Id.* at 3 n.1.)

2

allowed to proceed pro se as the personal representative of the estate. Plaintiff's amended complaint specifically stated that Plaintiff was not bringing any claims on behalf of Mark. (Doc. 54 at 22 n.8.)

The amended complaint asserts a survival claim under K.S.A. 60-1801 on behalf of the estate and a wrongful death claim under K.S.A. 60-1901 brought by Plaintiff individually due to the alleged negligent acts of the providers at VAMC. (Doc. 54.) The amended complaint seeks damages for decedent and Plaintiff individually. (*Id.* at 52–55.) In his most recent disclosures, Plaintiff asserts that he is seeking the following damages on the survival claim: Decedent's physical pain and suffering – $ 2,124,400; Decedent's anxiety and mental anguish – $2,124,400; Decedent's physical disabilities – $376,000; Decedent's disfigurement and scarring – $75,000. (Doc. 107-3 at 6–7.) The total damages sought for the survival claim is approximately $4,699,800.[2]

With respect to the claim of wrongful death, Plaintiff claims the following damages: Burial and funeral expenses – $ 12,030; Loss of inheritance (monthly VA disability, federal civil service retirement, and federal life insurance) – $230,186; Mark's loss of companionship, care, attention, advice, guidance, or nurturing – $786,000; Plaintiff's loss of companionship, care, attention, advice, guidance, or nurturing – $786,000; Plaintiff's loss of employment income – up to $1,158,654 (plus future); Plaintiff's loss of non-salary employment benefits – $465,696 (plus future); Plaintiff's mental anguish, suffering, and bereavement – up to $302,900 (plus future amounts); Mark's mental anguish, suffering, and bereavement – up to $227,175. (Doc. 107-3 at 8–11.) The total damages for the wrongful death claim amounts to approximately $3,968,641.

---

[2] Plaintiff amended his claim of damages after the filing of Defendant's motion. (*See* Doc. 74-3.)

Defendant United States now moves for summary judgment on all damages on the survival claim accruing after the decedent's death and damages on the wrongful death claim accruing before decedent's death; claims for damages by non-heirs; all claims for non-pecuniary damages in excess of the $250,000 cap imposed by Kansas law; and all claims exceeding the amounts identified in the administrative complaint.

## II. Standard

Summary judgment is appropriate if the moving party demonstrates that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphases in original). "A fact is material if, under the governing law, it could have an effect on the outcome of the lawsuit. A dispute over a material fact is genuine if a rational jury could find in favor of the nonmoving party on the evidence presented." *Doe v. Univ. of Denver*, 952 F.3d 1182, 1189 (10th Cir. 2020) (quoting *Jones v. Norton*, 809 F.3d 564, 573 (10th Cir. 2015)). Conclusory allegations are not sufficient to create a dispute as to an issue of material fact. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).

## III. Analysis

Plaintiff has brought state law claims against the United States. Under the FTCA, sovereign immunity is waived for certain state law tort claims against the United States. *See* 28 U.S.C. § 1346(b)(1); *Garling v. United States Env't Prot. Agency*, 849 F.3d 1289, 1294 (10th Cir.

4

2017). Kansas state law governs plaintiff's claims. *Garling,* 849 F.3d at 1294 ("State substantive law applies to suits brought against the United States under the FTCA.").

### A. Survival Damages Accruing After Death and Wrongful Death Damages Accruing Before Death

Defendant moves for summary judgment on survival damages which accrued after death and damages under the wrongful death claim which accrued prior to death. "Under K.S.A. § 60–1801, the administrator of the decedent's estate may bring a cause of action for the decedent's *injuries prior to death* ("survival action"). Conversely, under K.S.A. § 60–1902, an heir of the decedent may bring a wrongful death action for the loss suffered by all heirs *after death.*" *Marler v. Hiebert*, 960 F. Supp. 253, 254 (D. Kan. 1997) (emphasis supplied).

Plaintiff concedes that he cannot recover survival damages accruing after Earl's death nor can he recover wrongful death damages allegedly incurred prior to Earl's death. (Doc. 107 at 7.) Plaintiff modified the categories of damages sought and the time periods for those damages after Defendant filed its motion. Plaintiff asserts that this issue is now moot and that the motion should be denied. In its reply, Defendant urges the court to grant the motion because of a concern that Plaintiff will again revise his damage calculations to seek damages not allowed under the law. (Doc. 119 at 3.)

Defendant's motion for summary judgment on these damages is granted as uncontested and because Plaintiff cannot recover such damages as a matter of law.

### B. Claims by Non-heirs

Defendant moves for summary judgment on any claim for damages on behalf of Mark on the basis that he is no longer an heir to the estate and because Plaintiff cannot represent third parties. Although Mark is not a party to this suit, Plaintiff has notified Defendant that he seeks almost one million dollars in damages on Mark's behalf. Plaintiff argues that Mark did not

disclaim his right as an heir and his interest in the wrongful death claim. Plaintiff further asserts that he can claim damages on behalf of Mark because the wrongful death statute contemplates that only one action is to be brought and the damages are to be apportioned among the heirs.

First, Defendant argues that Mark is no longer an heir because he disclaimed his interest in the estate. Reviewing the probate court order and pleadings, it is clear that Mark disclaimed his interest in the estate property in March 2022. However, that disclaimer was clear in that Mark was only disclaiming interest in the estate's survival claim. (Doc. 54-4.) A Kansas wrongful death claim, however, belongs to the decedent's heirs-at-law and is not brought on "behalf or for the benefit of the estate." *Tank v. Chronister*, 160 F.3d 597, 599 (10th Cir. 1998). Mark's interest in that claim arises upon the death of the decedent. *Martin v. Naik*, 297 Kan. 241, 250, 300 P.3d 625, 631 (2013). The probate court order does not indicate that Mark has disclaimed an interest in the wrongful death claim. Rather, the order clearly indicates that the disclaimer was to the survival claim, which was the only property of the estate. Further, the Kansas Supreme Court has held that a disclaimer in the estate does not change the status of the individual as an heir. *Matter of Est. of Estes*, 239 Kan. 192, 196, 718 P.2d 298, 301 (1986). "The key here is the interest that is disclaimed..." *Id.* "A disclaimer is a renunciation of a property right, not a change of status or relationship." *Id.* Therefore, because Mark only disclaimed his right to the property of the estate, being the survival action, he remains an heir of the decedent as of his date of death and has a right to bring and/or recover on a wrongful death claim.[3]

---

[3] Defendant argues that this court has foreclosed a finding that Mark remains an heir-at-law after the disclaimer of interest based on a prior ruling by Magistrate Judge Gale. (*See* Doc. 119 at 5.) The court finds that the previous ruling does not conflict with the undersigned's ruling here. (Doc. 52 at 7.) Magistrate Judge Gale found that Plaintiff could proceed as he was the only beneficiary to the estate and the survival action was assigned to Plaintiff exclusively. *Id.* Magistrate Judge Gale made no finding with respect to Mark's status as an heir as applicable to the wrongful death claim.

Next, Defendant argues that Plaintiff cannot assert a claim for Mark's damages because he is proceeding pro se. Under 28 U.S.C. § 1654, a federal court litigant has the right to act as his own counsel or proceed with counsel pursuant to the rules of the court. The right to appear pro se only applies to the "appearance for one's self." *Draughon v. United States*, 103 F. Supp. 3d 1266, 1284 (D. Kan. 2015) (citation omitted). Therefore, as previously set forth in a prior order, Plaintiff cannot bring claims on behalf of third parties.

Plaintiff argues that the Kansas Wrongful Death statute allows him to seek damages for Mark. Under the wrongful death statute, only one action may be brought by the heirs at law. The statute provides as follows:

> The action may be commenced by any one of the heirs at law of the deceased who has sustained a loss by reason of the death. Any heir who does not join as a party plaintiff in the original action but who claims to have been damaged by reason of the death shall be permitted to intervene therein. The action shall be for the exclusive benefit of all of the heirs who has sustained a loss regardless or [sic] whether they all join or intervene therein, but the amounts of their respective recoveries shall be in accordance with the subsequent provisions of this article.

K.S.A. 60-1902.

Further, if the heir bringing suit recovers damages in the wrongful death action, the court is to apportion the damages among all heirs after providing reasonable notice to the heirs even if they did not intervene in the action. K.S.A. 60-1905. Plaintiff argues that these provisions provide a basis for him to assert Mark's damages at trial. In support of his motion, Plaintiff also cites to *Draughon v. United States*, No. 14-2264-JAR, 2018 WL 1693353 (D. Kan. Apr. 6, 2018). Plaintiff argues that Judge Robinson allowed the pro se plaintiff to present evidence of damages for all of the heirs even though they did not intervene prior to trial. In that matter, the plaintiff was proceeding pro se in a FTCA wrongful death action against the United States in which Missouri law applied. Missouri has a similar wrongful death statute providing that only one action may be

7

commenced for all heirs and also requiring an apportionment hearing for damages. In *Draughon*, Judge Robinson held a bench trial and found in favor of the plaintiff in the liability phase; however, she withheld a determination on damages until notice was provided to the heirs. *See Draughon v. United States*, 309 F. Supp. 3d 934, 959 (D. Kan. 2018); *see also* Case No. 14-2264, Docs. 221, 222, 223. Judge Robinson then conducted a damage hearing along with an apportionment hearing after providing notice to the heirs. *Id.* Therefore, contrary to Plaintiff's assertion, Judge Robinson did not make her determination on damages based entirely on evidence from the pro se plaintiff. Moreover, the court had appointed stand by counsel for the plaintiff. *See* Case No. 14-2264, Docs. 33, 35. Plaintiff has not identified any authority which would allow a pro se plaintiff to essentially act as an advocate for another heir and put on evidence of their claim. The other cases cited by Plaintiff involved represented parties. In the absence of any authority, the court will not allow Plaintiff to do so.

However, as this action is to be tried to the court, the court believes the procedure undertaken by Judge Robinson is a just resolution given the particular circumstances of this case. *See* 28 U.S.C. § 2402 (trial to be conducted by the court without a jury); Fed. R. Civ. P. 42(b). Therefore, in the event that Mark Chadwell does not move to intervene in this action prior to trial, the court will bifurcate the issues for trial into two phases: liability and damages. Should the court find Defendant liable, the court will set a hearing for damages and apportionment of those damages and provide notice as required under the statute. *See* K.S.A. 60-1905. Should either party object to this procedure, the party must file a motion on or before sixty days prior to trial.[4]

Given the ruling, Defendant's motion for summary judgment as to specified damages claims on behalf of Mark is denied without prejudice. However, because Mark has not intervened

---

[4] The court contemplates that such a motion would not be filed until after any further dispositive motions, if any, have been ruled on.

and Plaintiff cannot represent third parties, discovery on Mark's damages will not proceed at this stage of the proceedings. The parties will be permitted to conduct limited discovery on this issue, if necessary, prior to the proceeding on damages should Plaintiff prevail on the liability phase of the trial.

### C.   Non-Pecuniary Damages in Excess of Statutory Cap

Defendant moves for an order limiting Plaintiff's recovery for non-pecuniary damages under the wrongful death statute. (Doc. 74 at 12.) The Kansas Wrongful Death statute limits the amount of non-pecuniary damages to $250,000. *See* K.S.A. 60-1903. Defendant's argument in its initial motion cites to K.S.A. 60-1903, but then also lists the amounts of damages sought on behalf of the estate for the survival claim. (Doc. 74 at 13.) In his response, Plaintiff states that he understands the statutory damages cap on his wrongful death claim but that he is allowed to seek damages in excess of the cap. (Doc. 107 at 19–22.) In its reply brief, Defendant acknowledges that Plaintiff may seek damages in excess of the statutory cap but wants this court to enter an order stating that Plaintiff cannot recover more than the statutory cap. (Doc. 119 at 10.)

Under Kansas law, Plaintiff is allowed to plead damages in excess of the wrongful death statutory cap. *See Mahomes-Vinson v. United States*, 751 F. Supp. 913, 925 (D. Kan. 1990); *Adams v. Via Christi Reg'l Med. Ctr.*, 270 Kan. 824, 833, 19 P.3d 132, 138 (2001), *as corrected* (May 9, 2001) ("The cap specified in K.S.A. 60–1903 is not a measure of damages, but rather limits the recovery of the damages awarded by a judge or jury.") However, the court will be bound by Kansas law and the cap on non-pecuniary damages in wrongful death actions when entering judgment.

Further, in his response, Plaintiff argued that the statutory cap on the estate's survival claim is no longer valid after the Kansas Supreme Court held that K.S.A. 60-19a02 was unconstitutional.

*See Hilburn v. Enerpipe Ltd.*, 309 Kan. 1127, 1150, 442 P.3d 509, 524 (2019). In its reply brief, Defendant argues that *Hilburn* does not apply to this action because Plaintiff's claims will be tried to a court and the survival claim is a creature of statute. (Doc. 119 at 12.) Defendant, however, has not moved for summary judgment on the estate's claim for damages in the survival action. Rather, the motion for summary judgment merely addressed the cap in the wrongful death statute. (*See* Doc. 119 at 8) ("Defendant therefore sought and continues to seek a ruling from this Court that any recovery of non-economic damages covered by K.S.A. § 60-1903(a) that Plaintiff achieves in this lawsuit cannot exceed $250,000.") The court notes, however, that *Hilburn* expressly found that K.S.A. 60-19a02 was facially unconstitutional. 309 Kan. at 1150. In any event, should the estate recover on its claim in an amount that exceeds the statutory cap in K.S.A. 60-19a02, Defendant may raise the issue at that time.

Defendant's motion for summary judgment on this issue is granted in part and denied in part. Plaintiff will be allowed to present evidence of his damages in excess of the wrongful death statutory cap on non-pecuniary damages but he cannot recover damages in excess of that cap. It is denied to the extent that Defendant sought to apply the statutory cap under K.S.A. 60-19a02 to the estate's claim.

### D.     Damages in Excess of Administrative Claim

Finally, Defendant seeks summary judgment on claims for damages in excess of the amount set forth in the administrative claim. Under 28 U.S.C. § 2675(b), a party cannot file an action in excess of the amount set forth in the administrative claim except in certain circumstances. In response to the motion, Plaintiff amended the amount of damages sought on the claims so that they are less than the amount sought in the administrative claim. Plaintiff asserts that the motion

is now moot. In reply, Defendant continues to seek a ruling that Plaintiff cannot recover more than the amount in his administrative claim.

Defendant's motion for summary judgment on damages is granted as uncontested.

### IV.     Conclusion

Defendant's motion for summary judgment (Doc. 73) is GRANTED IN PART and DENIED IN PART. Defendant's motion for summary judgment on claims for Mark Chadwell's damages and damages in excess of the statutory cap on personal injury is DENIED as set forth herein; it is GRANTED in all other respects.

This matter has been on file for more than two and a half years. The court has reviewed the docket sheet and the current scheduling order, which sets the pretrial conference in October 2024. Because this matter is currently set for a court trial and there is no apparent reason for such prolonged discovery in this negligence action, the liability phase of trial will be held on March 11, 2024. The magistrate judge is to advance the current deadlines in this matter so that the parties will be ready for trial.

IT IS SO ORDERED. Dated this 11th day of July 2023.

                                                                                             s/ John W. Broomes
                                                                                             JOHN W. BROOMES
                                                                                             UNITED STATES DISTRICT JUDGE