IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KURT CHADWELL, individually and as a Personal Representative of the Estate of Decedent Earl Chadwell, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.: 6:20-cv-01372-JWB-KGG ) |
| UNITED STATES OF AMERICA, | ) ) |
| Defendant. | ) ) ) |

**MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION TO COMPEL AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL**

Now before the Court are Defendant's motion to compel (Doc. 133) and Plaintiff's motion to compel (Doc. 137). For the reasons stated herein, the Court grants Defendant's motion and grants in part and denies in part Plaintiff's motion.

**I.   Background**

The facts set forth herein are taken from Plaintiff's proposed amended complaint. Plaintiff is proceeding *pro se*, representing himself individually and Decedent's estate as its administrator. Plaintiff brings claims for negligence that allegedly occurred in a nursing home. These actions arise under the Federal Tort Claims Act and Kansas law. Plaintiff alleges that his father, Earl Chadwell, fell and broke his hip which resulted in his premature death.

The Court had been attempting to assist the parties with their discovery disputes for a few months. The parties have spent hours either meeting and conferring concerning issues pursuant to D. Kan. 37.2 or attempting to do so. On April 25, 2023, a hearing was held to discuss issues pursuant to D. Kan. 37.1(a). After a couple months, the parties had seemingly made no progress in working through their discovery disputes, requested an additional conference with the Court,

1

and attempted to delay the conference to continue futile attempts at conferring. The Court could no longer justify delays due to the pending discovery and set a motion to compel deadline. Both parties timely filed their motion to compel.

## II. Analysis

The discovery at issue relates to Defendant's First Request for Production of Documents and First Set of Interrogatories, as well as Plaintiff's Second Request for Production of Documents and his Second, Third, and Fourth Set of Requests for Admissions.

### a. Standard for Discovery

Fed. R. Civ. P. 26(b) states that:

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at state in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

The requested information must therefore be nonprivileged, relevant, and proportional to the needs of the case to be discoverable. ***Holick v. Burkhart***, No.16-1188-JTM-KGG, 2018 WL 372440, at *2 (D. Kan. Jan. 11, 2018).

Discovery requests must be relevant on their face. ***Williams v. Bd. of County Comm'rs***, 192 F.R.D. 698, 705 (D. Kan. 2000). Relevance is to be "broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." ***Smith v. MCI Telecommunications Corp.***, 137 F.R.D. 25, 27 (D. Kan. 1991). If the discovery sought does not appear facially relevant, the movant bears the burden to "demonstrate how the requests

2

are not objectionable." ***Griffin v. Home Depot USA, Inc.***, No. 11-2366-RDR, 2013 WL 1304378, at *3 (D. Kan. Mar. 28, 2013) (citations omitted).

Once this low burden of relevance has been established, the legal burden regarding the defense of a motion to compel resides with the party opposing the discovery request. *See* ***Swackhammer v. Sprint Corp. PCS***, 225 F.R.D. 658, 661, 662, 666 (D. Kan. 2004) (stating that the party resisting a discovery request based on overbreadth, vagueness, ambiguity, or undue burden/expense objections bears the burden to support the objections). Thus, "the objecting party must specifically show in its response to the motion to compel, despite the broad and liberal construction afforded by the federal discovery rules, how each request for production or interrogatory is objectionable." ***Sonnino v. University of Kansas Hosp. Authority***, 221 F.R.D. 661, 670–71 (D. Kan. 2004).

**A. Defendant's First Requests for Production of Documents and First Set of Interrogatories**

First, the Court will address Defendant's motion. Defendant served requests for production and interrogatories on the Plaintiff. Plaintiff objected to nearly every single discovery request. The Court will begin with the requests for production.

Defendant first addresses RFP No. 1, which seeks documents cited, reviewed or referred to in response to any interrogatory. (Doc. 134-2, at 4.) Plaintiff objects arguing that he would have to produce large amounts of irrelevant documents. However, the Court disagrees with Plaintiff. The request is relevant and not unduly burdensome. The Defendant is entitled to receive the documents that are used to support his interrogatories. The Defendant in its motion qualified the request to only seeking non-privileged documents. The Court overrules Plaintiff's objections and orders he produces documents responsive to RFP No. 1. Plaintiff is not required to log documents withheld pursuant to privilege as it pertains to RFP No. 1.

RFP No. 2-4 and 35-37 seeks documents regarding the nature and amount of the economic and non-economic damages. Plaintiff asserts that these requests are overbroad and unduly burdensome due to the use of omnibus terms "all," "any," and "relating to." (Doc. 140, at 3). Omnibus terms make a request facially objectionable only if they modify a broad category of documents. *Neonatal Prod. Grp., Inc. v. Shields*, No. 13-2601-DDC, 2015 WL 6158810, at 15 (D. Kan. Oct. 20, 2015). Here, the omnibus terms modify sufficiently specific categories of documents. Moreover, the requests are limited by seeking documents relating to damages "sought in this lawsuit" or "that is part of any requested recovery in this lawsuit." The Court overrules Plaintiff's objections and orders that he produces documents responsive to these requests.

RFP No. 5 seeks documents relating to acts or omissions of the Defendant that Plaintiff contends fell below the standard of care which allegedly led to the decedent's injury. (Doc. 134-5, at 7.) Plaintiff again objects that the request is overbroad and unduly burdensome. The Court does not find that the request is unduly burdensome. The request is limited to acts or omissions that led to an injury or harm "alleged in this lawsuit." Defendant is entitled to the documents which Plaintiff asserts supports his claims. The Court overrules Plaintiff's objections and orders that he produces documents responsive to the request.

RFPs 6, 9, and 11 seek documents on the decedent's finances. (Doc. 134-5, at 8.) Defendant in its motion offers to limit the temporal scope to 2012-2014. (Doc. 134, at 4.). Plaintiff argues the requests are overbroad. (Doc. 140, at 3.) The Court will accept Defendant's offer to limit the temporal scope and interpret the requests as only seeking documents from 2012-2014. The Court overrules Plaintiff's objections and orders he respond these requests with the new temporal limitation.

RFP No. 8 seek documents regarding payments to the decedent or Plaintiff from federal programs or insurers for any injury or loss alleged in the Complaint. RFP No. 13 seeks documents "received or submitted by or on behalf of E.E. Chadwell, Kurt Chadwell, or any other plaintiff that are associated with any request for or actual payment of money or benefits from any source . . . ." (doc. 135-2, at 5). The Plaintiff stands by his written objections which assert the requests are overbroad and insufficiently tailored. The Court has reviewed his written objections and overrules them. The requests are relevant and proportional to the needs of the case. Plaintiff is ordered to produce documents responsive to these requests.

RFP Nos. 7, 10, 12, 39, and 55 seek information regarding Plaintiff's employment and finances, including his assets. (Doc. 134, at 4.) Plaintiff objects that the term "asset," and its every-day definition makes RFP No. 55 vague and overbroad. (Doc. 140, at 4.) He also objects that the request is overbroad due to no temporal limitation. Plaintiff also objects that Defendant already has the information sought in RFP No. 7. The Court disagrees that the requests are irrelevant, vague, or overbroad. Plaintiff claims he lost more than $1.6 million due to lost work after the decedent's death. (Doc. 107-3.) Moreover, objecting that the Defendant already has the documents or has obtained them from other sources is not a valid objection. *See, e.g.*, **In re EpiPen Mktg., Sales Pracs. & Antitrust Litig.**, No. 17-md-2785-DDC-TJJ, 2018 WL 6061669, at *2 (D. Kan. Nov. 19, 2018) (overruling an objection that non-parties may have produced documents to the moving party). The Court overrules Plaintiff's objections and orders he produces documents responsive to these requests.

RFP Nos. 14-34 all seek documents relating to health conditions, medical records, communications with persons and institutions of the healing arts, mental health and mental health care of the decedent, Plaintiff, and Plaintiff's brother. (134, at 5-6.). Plaintiff objects on

5

similar grounds that they are overbroad, unduly burdensome, and irrelevant. The Court disagrees. The requests are relevant and not unduly burdensome. Each request was tailored and adequately specific. The Court overrules Plaintiff's objections and orders he produces documents responsive to these requests.

RFP Nos. 40-42 seek documents relating to companionship, aid, care, attention, advice, assistance, protection, comfort, affection, society, training, or guidance provided to Plaintiff or his brother by the decedent (or vice versa). (Doc. 134, at 7.) Plaintiff objects based on Defendant having more convenient access and the request being unreasonably duplicative. (134-5, at 29.) He also objects that there is no temporal limitation. Defendant in its motion offers a temporal limitation of 2012-2018. The Court finds the proposed temporal limitation reasonable and will accept it. Plaintiff's other objections are overruled. Plaintiff is ordered to produce documents responsive to these requests with the added temporal limitation of 2012-2018.

RFP Nos. 43-46 seek communications between the VAMC and decedent, Plaintiff, or Plaintiff's brother, as well as communications relating to the decedent. (Doc. 134, at 7.) Plaintiff objects that the requests are overbroad, not proportional to the needs of the case, and unduly burdensome. Defendant in its motion offers to limit these requests "to communications (1) relating to any allegation or claim made in this case by or about the decedent, Plaintiff, or Plaintiff's brother; and (2) during the period of the decedent's stay at the VAMC to the endpoint of Plaintiff's damages (2013-present)." (Doc. 135, at 7). The Court finds that the limitations sufficiently tailor the request. Plaintiff's objections are overruled, and the Court orders Plaintiff to produce documents responsive to these requests subject to Defendant's proposed limitation.

Plaintiff objects to RFP Nos. 47-54, 56-63 as irrelevant, vague, and unduly burdensome. (134, at 7-10.) The Court has reviewed the requests and finds that they are relevant and not

unduly burdensome. Plaintiff may be disappointed that he has to search through numerous documents, but he has chosen to represent himself. The Court is cognizant of the fact that he is one person, but he is still required to produce relevant discovery that is proportional to the needs of the case. The Court finds these requests to be appropriate and proper. Many of the requests were limited in scope as well. The Court overrules Plaintiff's objections and orders he produces responsive documents.

Defendant also served 11 interrogatories on the Plaintiff. Plaintiff objects to each Interrogatory, by asserting each of his general objections along with each objection to the definitions as they apply. (Doc. 135-6.) The Court has reviewed each interrogatory and disagrees with Plaintiff's objections. The interrogatories are proper and appropriate in this case. The Court overrules each objection and orders that he respond to each Interrogatory.

The Court **ORDERS** that Defendant's motion to compel is **granted**. (Doc. 133).

### b. Plaintiff's Second Set of Requests for Production

The Court will next address Plaintiff's motion to compel. Plaintiff has several discovery requests at issue: (1) Plaintiff's second set of requests for production; (2) Plaintiff's second set of requests for admission; (3) Plaintiff's third set of requests for admission; and (4) Plaintiff fourth set of requests for admission. The Court will address each discovery set in turn.

Plaintiff begins his motion seeking to compel responses to his requests for production. First, there are global and definitional objections by Defendant. Some of these objections also apply to the requests for admission. Plaintiff contends Defendant "cleverly" made conditional responses "to various RFPs and RFAs" without using the words "subject to" or "without waiving." (Doc. 136., at 1-4.) Plaintiff identifies RFA Nos. 153-165, among others not identified, as the alleged conditional responses. (Doc. 136, at 11.) The Court disagrees with Plaintiff and

7

only finds the identified RFAs to be partial objections rather than conditional responses. A partial objection is when a party objects to only part of a request but does not object to all of the request. A conditional response is when a party "is left guessing as to whether [the producing party] has produced all documents, or only produced some documents and withheld others[.]" ***Gust v. Wireless Vision, L.L.C.***, No. 15-2646-KHV, 2015 WL 9462078 (D. Kan. Dec. 24, 2015). Typically, conditional responses will waive the objections and the responding party must fully respond to the discovery requests. *See id.* However, the Court does not interpret the responses as conditional, but as partial objections.

Next Plaintiff contends Defendant's objections to the definitions and instructions are blanket objections, and therefore must be overruled. The Court disagrees with this argument, as objections to definitions and instructions can be proper in certain instances. *See* ***Orchestrate HR, Inc. v. Blue Cross & Blue Shield of Kan., Inc***., No. 19-4007-DDC, 2023 WL 3863478, at *2-3 (D. Kan. June 7, 2023). Defendant objected to the preamble requiring production within 30 days of service, Definition Nos. 2 and 5, as well as Instruction Nos. 5, 8, and 14. (Doc. 136-2.) Plaintiff did not address Defendant's objection to the preamble. (Doc. 136.) For the following reasons, the Court sustains Defendant's objection to the preamble, with the exception of Instruction No. 8.

Objections to Definition Nos. 2 and 5 are sustained. Definition No. 2 would require Defendant to produce originals. The Court finds no requirement to produce originals in either Fed. R. Civ. P. 34 or 26 regarding Plaintiff's Definition No. 2. *See* ***Epling v. UCB Films, Inc.***, Case No. 98-4226-RDR, Case No. 98-4227-RDR, Case No. 00-4062-RDR, 2001 U.S. Dist. LEXIS 6948, at *25 (D. Kan. Apr. 19, 2001). In Definition No. 5, Plaintiff chose to define "Defendant," "you," and "your" as the entire United States government, including all offices and

divisions of the United States Department of Veteran Affairs. (Doc. 138-1, at 3.) The Court finds this definition out of proportion to the case and not relevant on its face. *See **In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.***, No. 17-MD-2785-DDC-TJJ, 2018 WL 2980879, at *4-6 (D. Kan. June 13, 2018). When the words "Defendant," "you," and "your" appear in the RFA Nos. 1-63, they shall refer to the relevant VA offices and divisions, including Robert J. Dole Veteran Administration Medical Center or any Transnational Medical Center or Community Living Center (collectively, "VAMC").

Next Defendant objected to Instruction Nos. 5, 8, and 14. (Doc. 138-2, at 3-4). Instruction No. 5 requires Defendant to organize, arrange, and label documents by the particular custodian of records from which they were obtained, and then arrange and produce in chronological order from the oldest document to the most recent document. The Court agrees with Defendant that Fed. R. Civ. P. 34(b)(2)(E) does not require Defendant to follow Instruction No. 5. *See **Heartland Food Prod., LLC v. Fleener***, No. 18-CV-2250-JAR-TJJ, 2019 WL 2501862, at *3 (D. Kan. June 17, 2019). Objection to Instruction No. 5 is sustained. Instruction No. 14 provides: "Unless otherwise stated below, the relevant time period for each request is from 2004 to the present." (Doc. 138-1, at 6). The Court also sustains Defendant's objection to Instruction No. 14, finding the temporal scope is not facially relevant or proportional to the case. Plaintiff has failed to establish why the temporal scope of 2004-present is facially relevant and proportional for an injury occurring on February 11, 2014, and death occurring 6 months later. (Doc. 136.) As a result, the sustained objection applies to RFP Nos. 3, 4, 5, 8, 13-28, 38, 39, and 62. Defendant is not required to produce responsive documents to those RFPs.

However, the Court overrules Defendant's objection to Instruction No. 8. Plaintiff's Instruction No. 8 requires documents to be produced in color and not a grayscale copy. The Court agrees with Plaintiff that he is entitled to know when something was written down in color. Therefore, the Court finds that if the original document has something written in color or has different colored text throughout the document, then Defendant must produce that document in color.

In addition to the definitional objections, Plaintiff challenges each objection to the individual RFPs. (Doc. 136, at 6.) Defendant objects to RFP Nos. 6, 55, and 63 due to proportionality and the requests being overbroad. RFP No. 6 would require Defendant to produce every document relating to every action by every VAMC employee for a period of over 9 months and RFP No. 55 requires Defendant to produce documents sufficient to show the assets of the U.S. Department of Veteran Affairs. Each request seeks marginally relevant information at best. Moreover, the requests are not proportional to the needs of the case. *See* Fed. R. Civ. P. 26; *see also* Fed. R. Civ. P. 1. The Court sustains the objections.

Defendant objects to RFP Nos. 9, 10, 12, 30-34, 40, 41, 42, 53, 54, and 56 due to lack of possession, custody, or control of requested documents. (Doc. 138-2.) Each response is sufficient. A response indicating that a party does not have possession of a document is valid. However, there may be consequences if later in discovery, it is revealed that the Defendant intentionally withheld responsive documents. Defendant also objects in part to RFP Nos. 29 and 35 due to lack of possession, custody, or control of requested documents. Defendant states they "will produce (a) VA medical records for E.E. Chadwell, (b) VA billing records and documents reflecting monthly federal disability payments; and (c) the documents specified in the responses

10

to Plaintiff's other non-objectionable RFPs." The Court accepts Defendant's responses and sustains its partial objection.

Next, Defendant objects to RFP Nos. 36, 37, 57, 58, 59, 60, and 61 based on Plaintiff failing to "describe with reasonable particularity each item or category of items to be inspected" in accordance with Fed. R. Civ. P. 34(b)(1), further stating the request is vague and ambiguous, leaving the Defendant to interpret Plaintiff's allegations or otherwise read Plaintiff's mind. (Doc. 139, at 3). Plaintiff commonly uses the phrases "that is part of any requested recovery in this lawsuit" and "act or omission in the operative complaint." (Doc. 138-2.) For example, RFP No. 36 provides:

> All documents, which were created at anytime subsequent to February 10, 2014, that relate to any injury, loss, damage, or harm incurred by Kurt Chadwell, previously or in the future, **that is part of any requested recovery** in this lawsuit, including but not limited to (a) burial and funeral expenses; (b) loss of companionship, aid, care, attention, advice, assistance, protection, comfort, affection, society, and educational and physical training and guidance; (c) mental anguish, suffering, and bereavement; (d) loss of enjoyment of life; (e) loss of employment income; and (f) loss of employment benefits.

(emphasis added). The phrases mentioned provide Defendant with little direction, leaving them to interpret Plaintiff's claims and what recovery is sought. *See* ***Armstrong v. Ennis Bus. Forms of Kansas, Inc.***, No. 21-cv-2258-KHV-TJJ, 2022 WL 1102638, at *8-9 (D. Kan. Apr. 13, 2022) (stating language seeking text messages regarding "any of the claims in this lawsuit" are overbroad). The Court sustains Defendant's objections to RFP Nos. 36, 37, and 58. However, RFP Nos. 57, 59, 60, and 61 are proper and Defendant's objections are overruled. Defendant must produce documents responsive to these requests.

Defendant responds to RFP Nos. 7, 11, 43-46, 49-52 without objection, stating "Defendant will produce responsive, non-privileged documents in (a) VA medical records for E.E. Chadwell; (b) emails from relevant VAMC custodians after applying search terms; and (c)

the materials specified in the responses to Plaintiff's other non-objectionable RFPs." (Doc. 138-2, at 25-29.) If Defendant intends on withholding documents based on privilege, then it will need to create a privilege log. Defendant is ordered to produce any responsive, non-privileged documents to each request set forth above, and create a privilege log to the extent that it withholds documents based on privilege. Defendant accepted Plaintiff's newly proposed limitations regarding RFP Nos. 47 and 48. (Doc. 139, at 4.) The Court orders Defendant to produce any responsive, non-privileged documents to those RFPs subject to the limitations.

        **c. Plaintiff's Second Set of Requests for Admission**

Fed. R. Civ. P. 36 sets forth the proper procedure for answering requests for admission. A responding "may answer under Rule 36(a)(4), object under Rule 36(a)(5), or both." ***Richard v. Sedgwick Cty. Bd. of Comm'rs***, No. 09-1278-MLB, 2013 WL 3467124, at *6 (D. Kan. July 10, 2013). An answer must either admit the truth, "specifically deny it, or state in details why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4). If a party denies or admits in part, "the answer must specify the part admitted and qualify or deny the rest." (*Id.*) If the answering party objects to a request, the grounds for such an objection must be stated. Fed. R. Civ. P. 36(a)(5). The requesting party may ask the court to decide the sufficiency of any answers or objections. Fed. R. Civ. P. 36(a)(6). Sufficiency determination is ultimately within the court's discretion. ***Richard***, 2013 WL 3467124 at 7. If an answer or objection is not sufficient, the matter is either deemed admitted or the court may order an amended answer be given. (*Id.*, at 8.)

Plaintiff first challenges each response where Defendant responded with "Admit in part" or "Deny in part" (*i.e.*, RFA Nos. 56-101, 104, 106, 108, 110, 112, 114, 116, 118, 120, 124, 126, 128, 130, 132, 134, 136, 138 & 140-142). (Doc. 136, at 10-11.) Plaintiff claims Defendant

"failed to specify which part of the RFA was actually being admitted and which part was denied, as required by Rule 36(a)(4)." (*Id.*, at 11.) The Court agrees with Plaintiff. Each response, admitting or denying in part, fails to state what is being denied and are insufficient. For example:

> 74. Please admit that feasible precautionary measures could have been taken by one or more of your employees subsequent to 8:00 PM (Central Standard Time) on February 11, 2014, that would have made patient Earl Chadwell's February 11, 2014, fall less likely to occur.
>
> Response: Deny in part. Defendant admits that it took feasible precautionary measures, but denies that further measures were warranted, as standard fall precautions were in place.

(Doc. 138-5, at 6.) While Defendant states "deny in part," they fail to deny anything in the example above and continue to do this for each response partially denying or admitting. It is not a "denial" to alibi the admission. Therefore, the Court finds each RFA response listed above insufficient and deemed admitted.

Next, Plaintiff contends Defendant's responses to RFA Nos. 153-165 are conditional responses and therefore insufficient. (Doc. 136, at 11.) The Court disagrees as the responses are not conditional. However, Defendant makes two objections to each RFA above, claiming the requests attempt to "discover additional information concerning the subject of the request" rather than force an admission of a discrete and material fact and involves a purely legal issue due to the request not being tied to a particular act, date, or time. (Doc. 138-5, at 25-33.) The Court overrules both objections. A compound request, or vague request, "should be answered as far as possible with appropriate qualification or explanation, rather than objected entirely to." ***Audiotext Commc'ns Network, Inc. v. US Telecom, Inc.***, No. CIV.A. 94-2395-GTV, 1995 WL 625744, at *3 (D. Kan. Oct. 5, 1995). Objections based on the extent that the admission turns on legal issues or calls for legal issues are contrary to Fed. R. Civ. P. 36(a)(5). ***Cadence Educ., LLC***

13

***v. Vore***, No. 17-cv-2092-JWB, 2018 WL 3120701, at *2 (D. Kan. June 26, 2018). The Court finds that the responses to these RFAs are insufficient and deemed admitted.

### d. Plaintiff's Third and Fourth Set of Requests for Admission

Plaintiff challenges each objection and response provided by Defendant for RFA Nos. 166-424, excluding RFA Nos. 166-169, 353-359, and 371-389.  (Doc. 136, at 12.) Plaintiff claims Defendant's responses are facially "obstructionist" or "dilatory" and/or fail to answer the request. (Doc. 136, at 13-14.) Specifically, Plaintiff points out Defendant's responses stating its inability to either admit or deny the make and model of the wheelchair used on February 11, 2014, before decedents fall. (Doc. 136, at 12.) These responses by Defendant are proper, as Plaintiff's assertion of the make and model of the wheelchair used by the decedent up to his fall can neither be confirmed nor denied by Defendant. (Doc. 139, at 11-12.) Defendant raises no objections for RFA Nos. 170-186.

In RFA Nos. 187-232, Defendant responds to each request, admitting in part and denying in part while stating the inability to confirm the make and model of the wheelchair in use if necessary. (138-8, 10-30.) Plaintiff claims Defendant's responses are non-responsive because they do not address the actual request.  (Doc. 136, at 12.) For example, Plaintiff claims Defendant refuses to answer the requests by broadening the requests specified lengths of time in their responses.  (*Id*.) The Court disagrees and finds that the responses are adequate.

Regarding RFA Nos. 233-324, Plaintiff argues the "post-fall huddle form, or its equivalent . . . should contain all of the information Defendant needs to truthfully answer" said RFAs. (Doc. 136, at 13.) Plaintiff claims the responses are "obstructionist" and fail to answer the requests. (*Id*.) Defendant invoked Rule 36(a)(4) for each response, stating their inability to confirm the make and model of the wheelchair used at the specified times, and their inability to

confirm or deny assistance regarding the rising and lowering of decedent's pants, and sitting on the toilet. (Doc. 139, at 12-13.) The Court finds these responses sufficient.

Defendant responds to RFA Nos. 325-336 by stating their inability to either admit or deny regarding whether an alarm would be an adequate substitution for attentive Dole VAMC employees, and the make and model of the wheelchair. (Doc. 138-8, 68-73.) In Defendant's responses to RFA Nos. 225-228, Defendant partially admits and states clearly what they cannot admit. (Doc. 138-8, 69-70.) The Court finds these responses to be sufficient.

In RFA Nos. 425-554, Plaintiff requests that Defendant admit a specific amount of damages that would fairly compensate Plaintiff or heirs of decedent. (Doc. 138-10, at 2-32.) The Court has reviewed the responses and finds each response to be sufficient.

Plaintiff challenges Defendant's responses to RFA Nos. 555-647, 635-638, 640-643, and 654-681, contending they are non-responsive. (Doc. 136, at 14-15.) Defendant responded to each stating they are unable to admit or deny decedent's "conscious" suffering. (Doc. 138-10, at 33-83.) However, Defendant does, at times, admit to what it can in some responses, such as admitting pain was reported. The Court finds the responses to be sufficient as to these requests for admission.

Lastly, Plaintiff contends Defendant must supplement their Rule 26(a)1)(A)(i) disclosures due to failing to provide information on each individual. (Doc. 136, at 15.) The Court denies the request. Defendant is only obliged to provide a list of individuals that may support its claims or defenses. Fed. R. Civ. P. 26(a).

Plaintiff also requested an oral argument. (Doc. 137, at 6.) The request is denied.

The Court **ORDERS** that Plaintiff's motion to compel is **granted in part and denied in part**. (Doc. 137).

Lastly, the Court intends to set parameters for any future discovery in this matter. Discovery up to this point has been onerous, unproductive, and voluminous. Plaintiff has served nearly 700 requests for admission and over 60 requests for production. Defendant has also served over 60 requests for production as well as a number of interrogatories. The Court cannot allow discovery to continue in this manner. Rule 1 requires the "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Any further substantial discovery is not consistent with the Rule 1 mandate. To that end, the Court will not allow any more requests for admission to be served by Plaintiff. Further, both parties are limited to 10 requests for production for the remainder of discovery. The parties are warned that further onerous and uncooperative discovery may be considered abusive and a waste of judicial resources. The parties are respectfully "advised to chill." ***Mattel, Inc. v. MCA Recs., Inc.***, 296 F.3d 894, 908 (9th Cir. 2002).

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel (Doc. 133) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel (Doc. 137) is **GRANTED in part and DENIED in part.**

**IT IS FURTHER ORDERED** that Plaintiff may serve no additional requests for admission.

**IT IS FURTHER ORDERED** that no party may serve more than 10 additional requests for production.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 9th day of August 2023.

/s Kenneth G. Gale
KENNETH G. GALE
United States Magistrate Judge