IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KURT CHADWELL, individually and as Personal representative of the Estate of deceased E. E. Chadwell,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No. 20-1372-JWB-BGS |

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO AMEND SCHEDULING ORDER**

This matter comes before the Court on Defendant United States' Motion to Amend the Scheduling Order entered on July 17, 2023 (Doc. 143). (Doc. 155). Specifically, Defendant requests an extension of the following deadlines: (1) September 1, 2023 deadline for Rule 35 physical or mental examinations; (2) October 6, 2023 deadline for parties to disclose experts on claims which they have the burden of proof; and (3) November 17, 2023 deadline for parties to disclose opposing experts. Defendant does not request the deadlines to be extended to a specific date, but instead requests open ended deadlines based on the production of documents that have not yet been produced. In response to the motion, the Court held a hearing on the record and heard arguments from both parties. After reviewing the motion and considering the parties' oral arguments, the Court **GRANTS in part and DENIES in part** the motion for the reasons stated on the record and as summarized below.

1

**I.      Factual and Procedural History**

This action, which Plaintiff filed on December 31, 2020, arises out of the alleged wrongful death of his father because of medical negligence while in the care of the Defendant. Discovery issues arose and resulted in Defendant filing a motion to compel Plaintiff's discovery responses. (Doc. 133). The Court granted Defendant's motion in an order entered on August 9, 2023. (Doc. 148). In part, that order granted Defendant's motion to compel and directed Plaintiff to produce all documents related to his claim for emotional distress and damages associated therewith. Plaintiff filed objections to the Court's order and to date, has not produced the requested information[1]. (Doc. 158).

Defendant filed the present motion asking the Court to set open ended deadlines to conduct a Rule 35 examination and to disclose affirmative burden of proof and opposing experts based on receipt of Plaintiff's discovery responses and document production. Defendant argues that discovery production is stalled due to the pending objections to the Court's discovery order entered on August 9, 2023, and Plaintiff's failure to respond to discovery as previously ordered. While Plaintiff did not file a response to Defendant's motion, he partially agreed that some deadline extensions may be necessary but did not fully join in Defendant's motion.

On September 14, 2023, the Court held a hearing and heard arguments on Defendant's motion. Plaintiff and Defendant agree that Plaintiff has the burden of proof on his claim for emotional distress and that Defendant's expert disclosure deadline on this issue is not until November 17, 2023. Plaintiff represented that he has produced some of his personal medical records and is actively working to obtain the rest. In the hearing, he provided Defendant with the names of those medical providers, so that Defendant could take steps to get those records by

---

[1] The Court notes that the filing of an objection does not automatically stay a magistrate judge's order. *See Esparza v. Bridgestone/Firestone, Inc.*, 200 F.R.D. 654, 656 (D. Colo. 2001).

another source. Defendant contends that absent the receipt of the relevant documents supporting Plaintiff's claim for emotional distress, it cannot determine whether a Rule 35 exam is necessary or whether it needs to retain an expert on this issue.

Defendant further asserts that because it alleges Plaintiff is comparatively negligent for the death of Plaintiff's father, it has the burden of proof on that issue meaning the deadline for defense liability expert witnesses is October 6, 2023. Defendant argues that Plaintiff's failure to produce documents in response to the Court's discovery order has impacted its ability to determine whether a defense liability expert is necessary.

## II.     Analysis

A scheduling order "may be modified only for good cause and with a judge's consent." Fed. R. Civ. P. 16(b)(4). The Tenth Circuit has stated that Rule 16(b)(4)'s good-cause standard requires the movant to show that the existing "scheduling order deadlines cannot be met despite the movant's diligent efforts." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988–89 (10th Cir. 2019). The parties seeking to amend the scheduling must describe the good cause for the requested delay. *Id.*, at 988. The Court is given broad discretion when managing the pretrial schedule. *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1254 (10th Cir. 2011).

### A.     Rule 35 Examination

The Court finds there is good cause and grants the motion in part as it pertains to the Rule 35 examination deadline. The current Rule 35 examination deadline is September 1, 2023. Defendant timely filed its motion on August 28, 2023. First, Plaintiff's deadline to designate experts on which he has affirmative burden of proof, *i.e.*, his claim for emotional distress and damages, is not until October 6, 2023. The Court recognizes that those disclosures could significantly impact whether a Rule 35 examination is necessary. Further, the Court recognizes that Defendant timely filed its motion for an extension three days prior to the September 1, 2023, deadline as required by

3

D. Kan. 6.1(a).  The Court was unable to accommodate a hearing on this matter until September 14, 2023, after the deadline had passed.  Accordingly, the Court will extend Defendant's deadline for a Rule 35 examination until October 20, 2023.  The Court encouraged Defendant to act on this issue quickly if it truly believes a Rule 35 examination is warranted in this case.[2]

### B.   Expert Witness Deadlines

The Court does not find good cause to extend either (1) the October 6, 2023, initial expert disclosure deadline or (2) the November 17, 2023, opposing expert deadline.  Regarding the October 6 initial expert disclosure deadline, the Court finds that Defendant has had ample time to get the information needed to determine whether a liability expert on the issue of alleged comparative negligence of plaintiff is needed and whether to retain the same.  Discovery has been on-going for over ten months and the case is nearly 3-years old.  While Defendant argues that the records may contain information relevant to this issue, the Court is doubtful that the records at issue would contain information pertaining to Plaintiff's care of his father.  Further, Defendant can obtain the necessary information by way of deposition, which to date has not been done.  *See, e.g.*, *Hilt v. SFC Inc.*, 170 F.R.D. 182, 187 (D. Kan. 1997) ("In many instances depositions, rather than interrogatories, will better serve the purpose of obtaining detailed facts").  Defendant has not shown good cause to extend this deadline or that despite acting diligently it was unable to meet this deadline.

---

[2] The Court is not opining on the appropriateness of a Rule 35 examination.  As a general rule, garden-variety emotional distress claims do not typically place a plaintiff's mental condition in controversy for purposes of ordering a Rule 35 exam.  *See Fergus v. Faith Home Healthcare, Inc.*, No. 218CV02330JWLTJJ, 2019 WL 1101280, at *3 (D. Kan. Mar. 8, 2019) ("The majority of courts will not find good cause to require a plaintiff to submit to a medical examination unless, in addition to a claim for emotional distress damages, one or more of the following factors is also present: (1) plaintiff has asserted a specific cause of action for intentional or negligent infliction of emotional distress; (2) plaintiff has alleged a specific mental or psychiatric injury or disorder, (3) plaintiff has claimed unusually severe emotional distress; (4) plaintiff has offered expert testimony in support of his claim for emotional distress damages; and (5) plaintiff concedes that his mental condition is "in controversy" within the meaning of Rule 35(a).").

Similarly, the Court does not find good cause to extend the November 17 opposing expert deadline. Defendant argues that the lack of Plaintiff's medical records inhibits its ability to meet this deadline. The Court disagrees. Even in the absence of medical records, a Rule 35 examination can take place and an expert can give opinions by taking a history and performing a physical examination. Further, Plaintiff stated he has produced some medical records to Defendant and is actively working to obtain additional records. Plaintiff also provided the names of his doctors to Defendant, so that Defendant could take alternative steps to obtain such records. Consequently, it is likely Defendant will have the necessary information to timely disclose an expert on this issue by the November 17, 2023, deadline.

Lastly and as stated previously, Defendant can take Plaintiff's deposition to get relevant information related to his emotional distress claim and related damages. Further, Defendant may find after Plaintiff's expert disclosures, that an opposing expert is unnecessary. But even if Defendant decides it is, the Court finds that Defendant has two months prior to its disclosure deadline which should provide adequate time to prepare any such disclosures, even in the absence of records. Accordingly, the Court denies Defendant's request to extend the deadline for initial expert disclosures and opposing expert disclosures. All other deadlines remain unchanged.

The Court further advises the parties that absent extraordinary circumstances, the Court will not grant any modifications to the July 17, 2023, scheduling order entered in this matter.

**IT IS THEREFORE ORDERED** that Defendant's motion to amend the scheduling order (Doc. 155) is **GRANTED in part and DENIED in part**.

**IT IS FURTHER ORDERED** that the deadline to complete a Rule 35 physical or mental examination is extended to **October 20, 2023**. All other deadlines remain as stated in the July 17, 2023 Scheduling Order (Doc 143).

**SO ORDERED.**

Dated: September 15, 2023.

/s Brooks G. Severson
Brooks G. Severson
United States Magistrate Judge