IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KURT CHADWELL, Individually and as a Personal
Representative of the Estate of Decedent E.E. Chadwell,

        Plaintiff,

v.                                                                                   Case No. 20-1372-JWB

UNITED STATES OF AMERICA,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on the parties' motions for review of Magistrate Judge Gale's memorandum and order regarding the parties' motions to compel (Docs. 151, 158) and Plaintiff's motion for clarification. (Doc. 147) The motions have been fully briefed and are ripe for decision. (Docs. 152, 159, 160, 169, 174, 185, 189.) For the reasons provided herein, Defendant's motion for review is GRANTED and Plaintiff's motion for review is GRANTED IN PART and DENIED IN PART. Plaintiff's motion for clarification is GRANTED to the extent stated herein.

**I.    Facts and Procedural History**

This is a negligence action against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346. Following a stroke in the second half of 2013, Earl Chadwell ("decedent" or "Earl") sought treatment at the VA Medical Center ("VAMC") in Wichita, Kansas. Earl had two sons, Plaintiff Kurt Chadwell and Mark Chadwell. Earl died on August 17, 2014. Plaintiff is the sole administrator of the estate of the decedent; he is also the sole heir and

1

beneficiary of the estate after Mark disclaimed his interest in the estate. (Docs. 74 at 3; 107 at 2.) Plaintiff proceeds in this action pro se.

The amended complaint asserts a survival claim under K.S.A. § 60-1801 on behalf of the estate and a wrongful death claim under K.S.A. § 60-1901 brought by Plaintiff individually due to the alleged negligent acts of the providers at VAMC. (Doc. 54.) The amended complaint seeks damages for decedent and Plaintiff individually. (*Id.* at 52–55.) With respect to the wrongful death claim, Plaintiff claims damages for both himself and Mark. (Doc. 107-3 at 8–11.) With respect to some of Plaintiff's damages, he is asking for more than $1.5 million dollars in loss of employment income and employment benefits. (*Id.* at 10–11.)

Defendant United States moved for summary judgment on claims for damages by non-heirs and asserted that because Mark disclaimed his interest that he could not recover damages. In response, Plaintiff argued that Mark did not disclaim his right as an heir and his interest in the wrongful death statute. The court agreed. However, because Plaintiff was proceeding pro se, the court, on its own motion, bifurcated the issues for trial. The court will conduct a bench trial on liability issues and, if Plaintiff prevails, the court will then conduct a hearing on damages and allow evidence pertaining to both Plaintiff and Mark's damages after providing notice to the heirs. (Doc. 142 at 8.) The court held that damages discovery related to Mark would not proceed at this time and that limited discovery on that issue could proceed after the liability phase, if necessary. (*Id.* at 9.)

Plaintiff now moves for clarification or reconsideration of the court's order. Plaintiff asserts that the court's sua sponte ruling regarding Mark's damages and the admissibility of that evidence was erroneous. (Doc. 147.) Further, Plaintiff seeks clarification on the issues to be bifurcated.

2

With respect to discovery, the court's docket reveals that the parties have heavily litigated several issues in discovery and had multiple conferences with the magistrate judge. They have also had several extensions of the deadlines in this case. Although this case was filed in 2020, discovery has yet to be completed. In this court's order on summary judgment, the court expressed its frustration with the parties and their ongoing disputes and delays in this case. (Doc. 142 at 11.) On June 8, 2023, Magistrate Judge Gale issued an order regarding ongoing discovery issues. In that order, he found that the informal process to meet and confer regarding discovery disputes had proved ineffective and that the court could not justify further delays to require the parties to engage in futile attempts to resolve the issues. (Doc. 132 at 2.) Magistrate Judge Gale set a deadline in which the parties could each file one motion regarding pending discovery disputes. The parties did so and Magistrate Judge Gale entered an order on the motions to compel. In sum, Defendant moved to compel Plaintiff's responses to several requests for production and interrogatories and that motion was granted. With respect to Plaintiff's motion to compel, Magistrate Judge Gale granted the motion in part. Defendant now moves for review of the ruling pertaining to requests for admissions and Plaintiff moves for review of all rulings that were not in his favor. The court will address the arguments in turn.

## II.     Standard

When a non-dispositive pretrial matter is ruled upon by a magistrate judge and a timely and specific objection to the ruling is made, the district judge is required to "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "Under this clearly erroneous standard, the district court does not conduct a de novo review of the factual findings; instead, it must affirm a magistrate judge's order unless a review of the entire evidence leaves it 'with the definite and firm conviction that a mistake has been committed.'" *United States*

*v. Kaeckell*, No. 19-mc-209-DDC, 2019 WL 6486744, at *1 (D. Kan. Dec. 3, 2019) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)). The "contrary to law" standard, by contrast, permits the district court to independently review purely legal determinations made by the magistrate judge, and to modify or set them aside if the order "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (quoting *Walker v. Bd. of Cty. Comm'rs of Sedgwick Cty.*, No. 09-1316-MLB, 2011 2790203, at *2 (D. Kan. July 14, 2011)).

### III.     Analysis

#### A. Motion for Clarification

First, Plaintiff moves for partial clarification or reconsideration of this court's memorandum and order denying Defendant's motion for summary judgment. In moving for summary judgment on damages, Defendant asserted that Plaintiff could not seek damages on behalf of Mark with respect to the wrongful death claim because Mark had disclaimed his interest in the estate or, alternatively, because Plaintiff was proceeding pro se and could not represent Mark's interest. The court rejected the first argument. With respect to the second argument, the court recognized that under the Kansas Wrongful Death statute only one action may be brought by the heirs at law and that the court is to apportion damages among all the heirs after providing notice. (Doc. 142 at 7.) However, because Plaintiff is proceeding pro se, he can only act as his own counsel. *See* 28 U.S.C. § 1654. Therefore, the court ordered that the issues of liability and damages are to be tried separately in accordance with Federal Rule of Civil Procedure 42(b). (Doc. 142 at 7.) Plaintiff seeks clarification of this ruling as to the scope of the first phase of the trial. Further, Plaintiff contends that the court erred in ruling that Plaintiff may not testify as to Mark's damages and argues that the court essentially entered an order sua sponte regarding the admissibility of evidence at trial. (*Id.* at 7–10.)

4

In its order, the court clearly stated that the issues of liability and damages will be tried separately. Therefore, evidence of damages will not be presented to the court in the liability phase. That issue will be reserved to the damages phase should Plaintiff prevail on the issue of liability. In so ruling, the court did not make any final rulings as to the admissibility of any testimony from Plaintiff regarding his brother's injuries during the damages phase of trial. However, such evidence would not be relevant to the issues in the first phase. Further, evidence regarding Plaintiff's own damages will be reserved to the damages phase. The court further ruled that discovery as to Mark's damages would be delayed until after the first phase of trial and notice of the hearing could be provided to Mark. The ruling did not impact discovery on Plaintiff's own damages.

To the extent Plaintiff objects to the court's bifurcation of the issues, the court provided the parties with an opportunity to object to the bifurcation by motion. Neither party has done so although the time for doing so has not yet passed.

Plaintiff's motion for clarification is granted in that the court clarifies its ruling regarding the bifurcation of trial phases and its intent to allow evidence regarding damages during the damages phase only. Plaintiff's motion for reconsideration is moot in light of this ruling.

### C.     Defendant's Motion for Review

Defendant asserts that the magistrate judge erred in finding that certain answers to requests for admissions failed to comply with Rule 36 and asks the court to vacate the decision with respect to that ruling. Alternatively, Defendant asks the court to allow it to amend its answers to the admissions. After review, the court vacates the order to the extent it deemed admitted certain requests for admissions and orders Defendant to serve amended answers.

Under Rule 36(a), a party "may serve on any other party a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Requests for admission under the rule serve "two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be." *Bowers v. Mortg. Elec. Registration Sys.*, No. 10-4141-JTM, 2012 WL 2798801, at *2 (D. Kan. July 9, 2012) (quoting Fed. R. Civ. P. 36 advisory committee's note to 1970 amendment). A party responding may either answer, object under Rule 36(a)(5), or both. An answer must either admit or deny the truth of the matter asserted, "or state in detail why the answering party cannot truthfully admit or deny it." Rule 36(a)(4). Denials shall "fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." *Id.*

In this case, Plaintiff served over 600 requests for admission. In responding to those requests, Defendant admitted to some requests in part and denied some requests in part. At issue here is Defendant's answers to RFAs 56–101, 104, 106, 108, 110, 112, 114, 116, 118, 120, 122, 124, 126, 128, 130, 132, 134, 136, 138, 140–42, and 153–65. Plaintiff filed a motion to compel and asserted that he "challenge[d] each and every response in which Defendant responded 'Admit in part' or 'Deny in part' . . . yet failed to specify which part of the RFA (as written by Plaintiff) was actually being admitted and which part was being denied, as required by Fed. R. Civ. P. 36(a)(4)." (Doc. 136 at 10–11.) This argument pertained to all of the RFAs identified above except for 153–65. Plaintiff did not offer any further argument on this issue and then requested that the court order Defendant to "answer the RFAs as actually written by Plaintiff." (*Id.* at 12.)

6

With respect to RFAs 153–65, Plaintiff argued that Defendant asserted conditional responses. In response to the motion to compel, Defendant argued that its responses were appropriate under the rule and that Plaintiff had not established the facial relevance or validity of his RFAs. (Doc. 139 at 8–10.)

In ruling on Plaintiff's motion, Magistrate Judge Gale reviewed the standard set forth above and the requirement of a party to specifically deny or admit in an answer. With respect to RFAs 56–101, 104, 106, 108, 110, 112, 114, 116, 118, 120, 122, 124, 126, 128, 130, 132, 134, 136, 138, and 140–42, Magistrate Judge Gale agreed with Plaintiff that Defendant's answers failed to comply with the rule in that they did not specifically identify what was admitted and denied in the answers at issue.

Defendant asks the court to review **all** of the responses and requests for admission individually even though Magistrate Judge Gale did not do so and neither did the parties.[1] The court declines to do so given Defendant's requested alternative relief of allowing it to amend its answers. Under the rule, when the court determines that an answer is insufficient, the court may order an amended answer or order the request deemed admitted. Fed. R. Civ. P. 36(a)(6). Here, Magistrate Judge Gale deemed all of those requests admitted. Based on the nature of the requests, the court finds that the ruling was erroneous and that Defendant should be provided an opportunity to amend.

As discussed, the purpose of the rule is to facilitate proof with respect to issues that cannot be eliminated from the case and to narrow the issues for trial. This purpose is not furthered here

---

[1] Given the magnitude of objections over almost every request for admission and request for production, of which there were several hundred, the court certainly understands the magistrate judge's decision in making a determination on the whole with respect to this issue. This case has been extensively litigated and every decision challenged. Magistrate Judge Gale addressed his frustrations with this case and the court concurs with those sentiments. (Doc. 148 at 16.)

by deeming all of the answers to the requests admitted. Rather, the result could allow Plaintiff to succeed on his claim by pointing to certain admissions. By deeming requests admitted, Defendant is faced with admissions that essentially concede that Defendant and its staff could have taken further measures to prevent the injury at issue. In light of the extensive discovery and Defendant's attempt to respond to these requests, such admissions do not further the goal of evaluating a case on its merits. Further, the admissions result in conflicting evidence and allow Plaintiff to pick and choose the admissions that benefit his case. *See Ivy v. Tran*, No. CV 20-1475, 2021 WL 1551707, at *2–3 (E.D. La. Apr. 20, 2021) (allowing a party to withdraw admissions in part because they were contradictory and would allow the plaintiff to pick and choose the evidence to present in the case).

For example, RFAs 90–92 are contradictory in that they ask Defendant to admit that "all of your employees . . . knew that" the decedent forgot his physical limitations, none of the employees had this knowledge, or some of the employees had this knowledge. (Doc. 138-5 at 10–11.) By deeming all of these admitted, the evidence is clearly contradictory. RFAs 67–68 ask Defendant to admit that "no feasible precautionary measures could have been taken by any of your employees subsequent to 5:00 PM" on the day of decedent's fall or that "measures could have been taken" by employees. (*Id.* at 5.) Again, by deeming both of these requests admitted, the evidence is contradictory. These contradictory admissions occur with RFAs 56–57, 58–59, 60–61, 62–63, 64–65, 66–67, 68–69, 70–71, 72–73, 74–75, 76–77, 78–80, 81–83, 84–86, 87–89, 90–92, 93–95, 96–98, 99–101, and 140–42. By deeming the requests admitted, the record now includes contradictory evidence which will not result in narrowing the issues for trial. Rather, it will likely result in a successful motion by Defendant to withdraw the admissions. Fed. R. Civ. P. 36(b).

Therefore, the court vacates the order deeming the requests for admissions admitted and orders Defendant to serve Plaintiff with amended answers within 14 days of this order.

**D.     Plaintiff's Motion for Review**

Plaintiff objects to every decision by Magistrate Judge Gale that was not in his favor. Notably, Plaintiff objects to Magistrate Judge Gale's decision to suspend the meet and confer requirement and set one deadline for a motion to compel. Plaintiff's objection on this issue is overruled. Magistrate Judge Gale had authority to set certain deadlines and suspend the meet and confer requirements given the extensive issues in this case.

<u>Requests for Financial Documents.</u>  Next, Plaintiff objects to Magistrate Judge Gale's ruling finding that Plaintiff must produce financial and employment documents in response to RFPs 6–7, 9–12, 39, and 55. RFPs 6, 9, and 11 seek documents on the decedent's finances. RFP Number 8 seeks documents regarding payments to the decedent or Plaintiff from federal programs or insurers for any injury or loss alleged in the Complaint. RFP Numbers 7, 10, 12, 39, and 55 seek information regarding Plaintiff's employment and finances, including his assets. Plaintiff objected to these requests on the basis that they were overbroad, irrelevant, or vague. Magistrate Judge Gale overruled his objections and found that the requests were relevant and proportional to the needs of the case given the nature of Plaintiff's claims for damages.

Plaintiff argues that Magistrate Judge Gale erred in ordering him to produce these records on the basis that these financial records are not discoverable and are not "facially relevant to any of the garden variety claims or defenses in this lawsuit." (Doc. 185 at 2.) Plaintiff argues that financial records are only relevant in limited cases such as cases involving judgment debtors or fraud. (Doc. 159 at 5–6.) Plaintiff, however, did not present this argument to Magistrate Judge Gale. (Doc. 140 at 3–4.) Rather, Plaintiff made a general objection on relevancy. (*Id.*; *see also*

9

Doc. 134-5 at 8.) In any event, such records are relevant in this case because Plaintiff has made a significant claim for lost wages. *See Hamner v. Associated Wholesale Grocers, Inc.*, No. 07-CV-2314-KHV-DJW, 2008 WL 917900, *1 (D. Kan. Mar. 31, 2008) ("Plaintiff has put his income at issue by seeking economic losses. Thus, the tax returns are relevant to the issue of damages.")

In support of his position that such documents are not discoverable, Plaintiff cites to *Williams v. Board of County Commissioners of Unified Govevernment of Wyandotte County. & Kansas City, Kan.*, 192 F.R.D. 698, 705 (D. Kan. 2000). (Doc. 159 at 4.) In that case, the court denied the request for tax returns because the plaintiff did not make a claim for back pay and, therefore, her wages were not relevant. Therefore, *Williams* is not helpful to Plaintiff and the requested documents are relevant here given Plaintiff's requested damages.

Plaintiff also argues that Defendant has not met its burden to show that the information is not otherwise readily obtainable. (Docs. 159 at 9; 185 at 4.) Plaintiff misunderstands the standard. In this district, the court employs "a two-pronged test to assure a balance between the liberal scope of discovery and the policy favoring the confidentiality of tax returns." *Johnson v. Kraft Foods N. Am., Inc.*, 236 F.R.D. 535, 539 (D. Kan. 2006). "The party seeking production has the burden of showing relevancy, and once that burden is met, the burden shifts to the party opposing production to show that other sources exist from which the information is readily obtainable." *Id.* Here, Defendant has established that information regarding Plaintiff's and decedent's finances are relevant given Plaintiff's claims of lost income from his own employment and from the decedent. The burden then fell to Plaintiff to show that he could produce such information from sources other than tax returns. Plaintiff did not do so before Magistrate Judge Gale and he still has not met his burden here.

Therefore, Plaintiff's objection is overruled.

Rulings regarding RFPs that relate to Mark.  Plaintiff objects to Magistrate Judge Gale's ruling requiring him to produce documents relating to Mark due to this court's ruling on summary judgment that damages discovery regarding Mark be stayed until after the trial on the liability phase.  The court notes that this issue was not raised in the briefing before the magistrate judge because the court had not yet entered the order.  In response, Defendant asserts it is willing to abide by this court's order but that Plaintiff continues to challenge the order in its reconsideration motion and, further, that certain RFPs should be responded to because they seek communications between Mark and the VAMC regarding the decedent.

The RFPs at issue are 16, 19, 22, 25, 28, 31, 34, and 40–46.  After review, the majority of the RFPs request documents related to Mark's medical or health conditions and other documents related to Mark's damages.  (*See* Doc. 134-5 at 14–30.)  Therefore, the court sustains Plaintiff's objection with respect to RFPs 16, 19, 22, 25, 28, 31, 34, 40–42.

With respect to RFPs 43–46, Defendant argues that they are relevant to the claims at issue and do not concern Mark's damages.  (Doc. 160 at 5.)  Those requests ask for communications between decedent, Plaintiff, or Mark, and anyone associated with the VAMC.  Defendant further limited those requests during the briefing on the motion to compel "to communications (1) relating to any allegation or claim made in this case by or about the decedent, Plaintiff, or Plaintiff's brother; and (2) during the period of the decedent's stay at the VAMC to the end point of Plaintiff's damages (2013-present)."  (Doc. 135 at 7).  Magistrate Judge Gale overruled Plaintiff's objection that the requests were overbroad, not proportional to the needs of the case, and unduly burdensome.  (Doc. 148 at 6.)  Plaintiff's only specific objection regarding these requests is that it violates this court's ruling on damages.  RFPs 43–46 do not seek documents relating to Mark's damages but rather communications by Mark or others with the VAMC and relating to the claims in this case.

11

Further, they are relevant to the issues to be tried during the liability phase and are narrowly tailored.

Plaintiff's objection to RFPs 43–46 is overruled.

<u>Interrogatories 1–11</u>.  Plaintiff objects to Magistrate Judge Gale's ruling that Plaintiff must respond to eleven interrogatories on the basis that the court did not devote much time to Plaintiff's objections. (Doc. 159 at 9.)  Plaintiff suggests that because we cannot see the "work" that the court must presume that an incorrect legal standard was applied. (*Id.*)  Plaintiff's objection wholly lacks merit.  Given the significant number of unmeritorious objections, the court understands a brief ruling by Magistrate Judge Gale especially in light of the volume of discovery requests.  Plaintiff fails to cite any authority for the basis that Magistrate Judge Gale erred in his ruling on these interrogatories.  The objection is overruled.

<u>Limiting Further Discovery</u>.  Plaintiff objects to Magistrate Judge Gale's ruling limiting further requests for production to 10 and ordering that no further requests for admission may be served by Plaintiff.  Plaintiff fails to identify how this ruling was erroneous or contrary to law.  Given the extensive discovery to date, the ruling was entirely appropriate. Fed. R. Civ. P. 1.  This objection is overruled.

<u>Plaintiff's Requests for Production</u>.  Plaintiff objects to Magistrate Judge Gale's ruling sustaining Defendant's objections to several requests for production (Doc. 148 at 9–10) on the basis that the temporal scope was not facially relevant and proportional. (Doc. 159 at 11–12.)  Plaintiff's objection does not challenge the finding; rather, Plaintiff asserts that Magistrate Judge Gale should have rewritten Plaintiff's RFPs or provided Plaintiff with an opportunity to do so.  While a magistrate judge may choose to limit a time period in ruling on such a motion, Plaintiff fails to cite any authority that stands for a proposition that Magistrate Judge Gale erred by not

rewriting the RFPs. Notably, Defendant narrowed its requests when moving to compel responses. Plaintiff could have done the same with respect to these RFPs but chose not to do so.[2]

Plaintiff further objects to Magistrate Judge Gale's ruling to the "extent it compels Plaintiff to respond to Defendant USA's RFPs but denied Plaintiff's motion to compel Defendant USA to respond to nearly identical RFPs." (Doc. 159 at 13.) Plaintiff fails to specifically identify what ruling is at issue here. The court has reviewed Magistrate Judge Gale's ruling with respect to Plaintiff's RFPs and does not find any error.

Conditional Responses. Plaintiff claims that Magistrate Judge Gale erred by concluding that Defendant did not make conditional responses. Magistrate Judge Gale concluded that certain responses were partial objections. (Doc. 148 at 8.) Plaintiff's argument to the contrary is not persuasive. Plaintiff has not shown that the ruling was erroneous or contrary to law.

General Objection. Finally, Plaintiff generally objects to all rulings by Magistrate Judge Gale that are unfavorable to him. Such an objection is improper. "A party's objections to the magistrate judge's report and recommendation must be . . . specific to preserve an issue for . . . appellate review." *Morgan v. Oklahoma*, 814 F. App'x 353, 355 (10th Cir. 2020) (quoting *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996)). Therefore, any further objections have been waived.

IV.     Conclusion

Plaintiff's motion for clarification (Doc. 147) is GRANTED in that the court has clarified its ruling regarding the trial phases. To the extent Plaintiff's motion sought reconsideration of this court's ruling, the motion is DENIED.

---

[2] Notably, Plaintiff did voluntarily limit the scope of three RFPs. (*See* Doc. 136.)

Defendant's motion for review (Doc. 151) is GRANTED. Defendant is to provide amended responses to Plaintiff's requests for admissions within fourteen days of this order.

Plaintiff's motion for review (Doc. 158) is GRANTED IN PART and DENIED IN PART. The court sustains Plaintiff's objection with respect to RFPs 16, 19, 22, 25, 28, 31, 34, 40–42. Plaintiff must comply with the remaining rulings in Magistrate Judge Gale's order with fourteen days of this order.

IT IS SO ORDERED. Dated this 6th day of October, 2023.

                                                    s/ John W. Broomes
                                                    JOHN W. BROOMES
                                                    UNITED STATES DISTRICT JUDGE