UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KURT CHADWELL, individually and as personal representative of the estate of deceased E.E. Chadwell,<br><br>      Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>      Defendant. | Case No. 20-1372-JWB-BGS |

**MEMORANDUM AND ORDER GRANTING
MOTION TO AUTHORIZE RULE 35 EXAMINATION**

This matter comes before the Court on Defendant United States' Motion to Authorize a Rule 35 Examination. Doc. 180. Specifically, Defendant requests an Order from the Court requiring Plaintiff to appear for a Rule 35 exam with Dr. Christina A. Pietz on October 16, 2023. Plaintiff Kurt Chadwell opposes the motion arguing that the exam should not take place because Dr. Pietz is not "a suitably licensed" psychologist, and even if the exam does go forward, the Court should place up to twenty-one conditions and limitations on the examination. Doc. 194. The Court finds that the Defendant has shown good cause that the Rule 35 should proceed as scheduled. For the reasons stated herein, the Court **GRANTS** the motion.

    **I.**      **Factual and Procedural History**

This action, which Plaintiff filed on December 31, 2020, arises out of the alleged wrongful death of his father because of medical negligence while in the care of the Defendant. Plaintiff's amended complaint pleads both a wrongful death claim and a survival act claim. As part of Plaintiff's wrongful death claim, he has alleged severe depression, anxiety, and emotional trauma. Discovery to this point has been extensively litigated. The parties have had several discovery

1

disputes. Most recently, Defendant moved to extend the Rule 35 examination deadline as well as the parties' expert deadlines. The Court granted in part and denied in part Defendant's motion and extended the deadline to conduct a Rule 35 examination to October 20, 2023, but denied the motion in all other respects.[1] After conferring and attempting to schedule the Rule 35 exam, the parties could not agree on the manner, conditions, or scope of the exam. Defendant filed the present motion on October 3, 2023, along with a motion to expedite briefing. In its motion to expedite, Defendant stated that a Rule 35 examination is tentatively scheduled for October 16, 2023, and due to the case deadlines, requested a response be expedited to October 10, 2023. The Court granted the motion and expedited the response. Plaintiff timely filed his response on October 10, 2023. The Court has reviewed Defendant's motion as well as Plaintiff's response and is prepared to rule.

## II.     Rule 35 Standard

Fed. R. Civ. P. 35 governs physical and mental examinations. The decision to grant or deny a motion for a physical or mental examination rests in the sound discretion of the trial court. *Jones v. Greyhound Lines, Inc.*, No. 08-1185-MLB-DWB, 2009 WL 1650264, at *3 (D. Kan. June 12, 2009). Rule 35(a)(1) provides: "The court where the action is pending may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." When the appropriateness of a Rule 35 exam is in dispute, the defendant must show that plaintiff's physical or mental condition is in "controversy" and that "good cause" exists to conduct the requested examination. *Thiessen v. Gen. Elec. Cap. Corp.*, 178 F.R.D. 568, 570 (D. Kan. 1998). Mere conclusory allegations in the pleadings are insufficient to obtain permission to conduct a Rule 35 examination, the movant must provide an

---

[1] Plaintiff recently filed an unopposed motion to extend the parties' expert deadlines. The Court held a conference with the parties and granted that motion. The parties agreed to eliminate the need for Reply experts, and as a result, the Court agreed to extend the remaining expert deadlines an additional 30-days. Doc. 191.

affirmative showing that each condition is genuinely in controversy and good cause exists. *Schlagenhauf v. Holder*, 379 U.S. 104, 118, 85 S. Ct. 234, 242-43, 13 L. Ed. 2d 152 (1964).

The requirement that plaintiff's condition be in controversy is to "guard against the use of requests for mental examinations as a tool for harassment, intimidation or delay in what courts have described as the 'garden variety' cases." *Thiessen*, 178 F.R.D. at 570. Garden-variety emotional distress claims do not typically place a plaintiff's mental condition in controversy for purposes of ordering a Rule 35 exam. *Fergus v. Faith Home Healthcare, Inc.*, No. 2:18-cv-02330-JWL-TJJ, 2019 WL 1101280, at *2 (D. Kan. Mar. 8, 2019). However, courts are more likely to grant a Rule 35 examination when the plaintiff's emotional distress is significant and ongoing. *Id. See also Clancy v. Shanahan*, No. 18-4106-HLT, 2019 WL 1406281, at *2 (D. Kan. Mar. 28, 2019).

In addition to the "in controversy" requirement, a movant must also show "good cause" for the exam. Fed. R. Civ. P. 35(a)(2)(A). When a plaintiff has a claim for emotional distress, courts typically look for the presence of one or more of the following factors: "(1) plaintiff has asserted a specific cause of action for intentional or negligent infliction of emotional distress; (2) plaintiff has alleged a specific mental or psychiatric injury or disorder, (3) plaintiff has claimed unusually severe emotional distress; (4) plaintiff has offered expert testimony in support of his claim for emotional distress damages; and (5) plaintiff concedes that his mental condition is "in controversy" within the meaning of Rule 35(a)." *Kankam v. Univ. of Kan. Hosp. Auth.*, No. 07-2554-KHV, 2008 WL 4369315, at *5 (D. Kan. Sept. 23, 2008) (citing *Phalp v. City of Overland Park, KS*, No. 00-2354-GTV, 2001 WL 1717949, at *1 (D. Kan. Sept. 13, 2001)). The defendant must also "specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2)(B). The rule authorizing the examination of the party should be construed in favor of granting discovery. *Greyhound Lines, Inc.*, 2009 WL 1650264, at *3.

### III.     Analysis

The Court must first determine whether the Plaintiff has placed his mental condition "in controversy" within the meaning of Rule 35.  Plaintiff's First Amended Complaint makes a claim for damages based upon significant emotional distress.  *See* Doc. 54.  He makes several assertions that appear to be indicative of profound mental and emotional troubles.  For instance, he asserts that as result of Defendant's negligence, he has been clinically depressed and suffered from an anxiety disorder.  The amended complaint states that he has actively avoided, or attempted to avoid, any situations or activities that may trigger memories or thoughts concerning the events alleged.  He expresses persistent and significant negative feelings about himself and others and has experienced a loss of enjoyment in life.  He further suggests that his mental trauma has resulted in physical manifestations such as (1) elevated blood pressure and the resulting use of prescription medication; (2) inability to concentrate; and (3) difficulty sleeping.  Due to the severity of Plaintiff's emotional distress, he alleges that has been unable to hold a job and has not even applied for a job since August 2014.  At one point, Plaintiff alleges a psychologist informed him he was exhibiting symptoms of Post-Traumatic Stress Disorder ("PTSD").  Plaintiff pleads *several* additional allegations of his severe emotional distress; however, the above examples provide ample context regarding the basis of his claim.

Plaintiff has alleged both wrongful death and survival claims, and as such, has claimed considerable damages relating to his own on-going emotional distress.  Specifically, Plaintiff's amended initial disclosures provide that he is seeking $1,158,654 for loss of income from employment, $465,696 for loss of non-salary employment benefits, and $302,900 (and counting) for mental anguish and suffering.  Considering all the information contained in the First Amended Complaint as well as reviewing the extensive damages demand, the Court finds that Plaintiff has placed his mental condition "in controversy" within the meaning of Rule 35.

4

The Court must next determine whether "good cause" exists for Defendant to conduct the examination. Plaintiff does not contest that good cause exists for a mental examination by a suitably licensed psychologist. As discussed, there is no one factor that is determinative, but the Court must instead weigh and balance several factors. In this case, although Plaintiff has not asserted claims for intentional or negligent infliction of emotional distress, the Court has found he has placed his mental condition in controversy. Plaintiff further alleges the events detailed in the amended complaint have caused him severe emotional distress which continues to this day. He alleges several mental disorders as a result of Defendant's conduct, specifically claiming that because of Defendant's conduct, he is depressed, has anxiety, and was diagnosed with PTSD. His claim encompasses unusually severe emotional distress. Although garden-variety emotional distress claims are typically not sufficient to justify an exam, this is not a garden-variety emotional distress claim. The Court finds that based on the totality of the circumstances, "good cause" exists to conduct a Rule 35 examination.

Although Plaintiff does not contest good cause exists to conduct the exam, Plaintiff requests the Court to deny the motion because the Defendant's expert is not suitably licensed or is unqualified to conduct the examination. Rule 35 provides that a physical or mental examination must be conducted by a "suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). As Plaintiff highlights in his motion, the Advisory Committee Notes further provide that a Rule 35 exam should not be conducted by an examiner "whose testimony would be of such limited value that it would be unjust to require the person to undergo the invasion of privacy associated with the examination." Fed. R. Civ. P. 35 advisory committee's note to 1991 amendment. Plaintiff's main grievance is that the examining doctor, Christina Pietz, is not licensed by the Kansas Behavioral Sciences Regulatory Board. He also takes issue that her curriculum vitae is not authenticated and contains inadmissible hearsay evidence.

The Court is not persuaded by Plaintiff's arguments.  First, the issue regarding the admissibility of Dr. Pietz's curriculum vitae or the admissibility of related evidence is not relevant to the present motion.  Any such objections related to admissibility may be raised to the trial judge on an appropriate motion or at trial.  The ultimate admissibility or weight given to the evidence is not necessary to decide the issue of Dr. Pietz's suitability to conduct the exam.  While Dr. Pietz may not be licensed in Kansas, she is licensed in Missouri, Indiana, Arkansas, and Iowa.  The Rules only require the examining doctor to be "suitably licensed," not licensed in any specific state.  Moreover, a review of her curriculum vitae quells any of the Court's concerns regarding her qualifications to conduct the exam.  She received her doctorate in 1989 at the University of Texas A&M, has gone through both a clinic internship and postdoctoral fellowship, and has significant work experience over several decades.  In addition, she has extensive experience in testifying as an expert as well as contributing as an author in numerous publications.  The Court finds Plaintiff's concerns regarding Dr. Pietz's qualifications to conduct the exam to be unfounded.  Moreover, the Court finds that she is suitably licensed within the meaning of Rule 35.

Plaintiff also seeks to either impose conditions on the examination—twenty-one to be exact—and opposes the manner and scope of the exam.  "Where a party asks for conditions on a mental or physical examination, they must demonstrate good cause under Fed. R. Civ. P. 26(c)." *Barge v. O'Malley's Inc.*, No. 20-CV-02035-DDC-GEB, 2021 WL 929781, at *2 (D. Kan. Mar. 11, 2021).  Defendant seeks for the exam to occur on October 16, 2023, from 9:00 a.m. to 6:00 p.m., with up to 8 hours of exam time, at the Marriott Ambassador Hotel in Wichita, Kansas.  The exam at issue is a forensic psychological examination as to his claims of mental anguish, suffering, bereavement, and loss of society, comfort, and companionship, including his claims for loss of income and benefits from employment due.  This type of exam is more complicated and takes a longer amount of time to complete than other types of Rule 35 physical examinations.  In Plaintiff's

response to Defendant's motion, he asks the Court to limit the length of the Rule 35 examination or to order the exam be conducted over multiple days. Plaintiff provides that "[c]ourts have found two hours for such an exam to be sufficient." (Doc. 194, at 10). The singular District of Kansas case he cites in support is *Hertenstein v. Kimberly Home Health Care, Inc.*, 189 F.R.D. 620 (D. Kan. 1999). He represents that the court in *Hertenstein* limited a mental examination to two hours. The Court disagrees. In *Hartenstein*, the parties proposed that the exam will last two hours, and the court did not make any ruling limiting the length of the exam. *Hertenstein*, 189 F.R.D. at 624 ("Briefing reveals that the examination will last two hours."). Plaintiff has not established good cause to show that the exam should be limited in length or time.[2]

One of Plaintiff's reasons for attempting to impose numerous conditions on the examination is that he allegedly suffers from cognitive difficulties. He attached a declaration to his responsive brief which alleges that he will suffer from, *inter alia*, lack of concentration, diminished memory, increased levels of anxiety and stress, and reduced sleep. The Court is not convinced that these difficulties rise to the level of imposing his proposed conditions, nor is the Court convinced Plaintiff can muster such evidence. Moreover, his declaration is self-serving and is not supported by a doctor or other health care professional. *Cf. Sice v. Oldcastle Glass, Inc.*, No. CIV.A.03-BB-114(PAC), 2005 WL 82148, at *4 (D. Colo. Jan. 10, 2005) (finding that a self-serving affidavit was unconvincing in similar circumstances). As such, the Court does not find his affidavit amounts to good cause to alter the present conditions.

Additionally, the deadline to complete the Rule 35 exam is October 20, 2023, and Defendant has made advance preparation to ensure its expert is available to travel and conduct the exam on

---

[2]In Plaintiff's responsive memorandum, one of his proposed conditions is that "the examination shall not extend beyond one day." Doc. 194, at 11 (condition 10). Defendant is not requesting the exam to be conducted over the course of multiple days. As such, there is no dispute as to this condition and the Court need not address this issue.

October 16, 2023.  The Defendant arranged and paid for the additional expense to have its expert travel to Wichita and paid for the expert's hotel stay.  "The general rule is that plaintiffs are required to bear the costs and difficulties of travel, including travel from other forums." *Pepe v. Casa Blanca Inn & Suites, LLC*, No. 18-CV-476 JCH/JFR, 2019 WL 10960399, at *1 (D.N.M. July 11, 2019).  Here, the expert is traveling to Plaintiff sparing him the inconvenience of traveling to another location or incurring any extra expense.  Additionally, requiring the exam to be conducted over the course of multiple days may disrupt the current case schedule, cause Defendant to incur additional expense, and inconvenience the expert who is traveling to conduct the exam.  The Plaintiff has not provided a compelling basis to alter the conditions in place and the Court declines to impose any changes to time of the exam or its length.

Next, Plaintiff seeks permission to record the examination or have a third-party present.[3]  A party has no right to have an examination recorded or to have a third-party present during the exam.  *Hertenstein v. Kimberly Home Health Care, Inc.*, 189 F.R.D. 620, 629 (D. Kan. 1999).  Typically, a Rule 35 exam only requires the presence of the Plaintiff and the designated expert who is conducting the exam and whatever staff is needed for its successful completion.  *See id.*  Allowing any type of recording device during the exam is the exception and not the rule, and this district has routinely held no recording devices are allowed absent special circumstances.  *Compare Oxford v. Riddle*, No. 18-1163-JWB-KGG, 2019 WL 315019, at *4 (D. Kan. Jan. 24, 2019) (denying plaintiff's request to record the exam or bring a third-party observer), *with Rowan v. Sunflower Elec. Power Corp.*, No. 15-cv-9227-JWL-TJJ, 2016 WL 5109946, at *2 (D. Kan. Sept. 20, 2016) (allowing a recording device when the plaintiff suffered from alleged brain damage).  *See also, e.g.*, *Callahan v. Unified Gov't of Wyandotte Cnty./Kansas City Kan.*, No. 11-2621-KHV, 2013 WL 4549158, at *3 (D. Kan. Aug. 28, 2013) (stating

---

[3] 7 out of Plaintiff's 21 proposed conditions relate to recording the examination or having a third-party present.  Doc. 194, at 10-11 (conditions 1-7).

that plaintiff has not presented any special circumstances warranting the presence of a recording device). "[T]he presence of a third-party 'can only threaten to turn the examination into a more adversarial process than it should be.'" *Greenhorn v. Marriott Int'l, Inc.*, 216 F.R.D. 649, 654 (D. Kan. 2003) (quoting *Stoner v. New York City Ballet Co.*, No. 99Civ.0196(BSJ)(MHD), 2002 WL 31875404, at *5 (S.D.N.Y. Dec. 24, 2002)). Plaintiff has not provided a compelling basis or presented any special circumstances that justifies deviating from the case law in this district. Accordingly, Plaintiff may not record the exam or bring a third-party with him to attend the exam.

Lastly, Plaintiff requests the Court to order that the examiner to either provide him with certain information during or after the exam or requests the Court to dictate how the examiner should conduct the exam.[4] Doc. 194, at 11-12 (conditions 12-21). The Court will not address each condition one by one but will highlight a couple that warrant particular attention. Plaintiff's condition number 21 seeks to require that the examiner take out the battery from her cell phone. There is absolutely no basis for this request and the Court declines to impose any such condition. Plaintiff's request number 13 requests that the examiner provide all raw test data to other medical professionals of his choosing. The Court will not order such production at this time; however, the parties are encouraged to confer regarding this issue.[5] The Court has reviewed the other requests and declines to impose them. There are not extraordinary circumstances present to justify the conditions and limitations proposed. The Court understands that the Plaintiff may be anxious or

---

[4]The Court has already addressed conditions 1-11 and declines to impose them, with the exception of condition 10 where there is no dispute.

[5]If Plaintiff wants the raw data sent to other professionals who are qualified to interpret the data, he can confer with opposing counsel about that following the exam; however, the Court declines to order such production at this time. The Court is well-aware that conferring has been mostly futile in this case. Every decision has been challenged and nearly every issue has been contested. However, the Court strongly encourages the parties to work together from here on out. The parties' expert deadlines are approaching, and the discovery deadline is four months away. The Court is not extending these deadlines. So, the parties would be wise to cooperate with one other to finish discovery efficiently and productively.

concerned that problems may arise during the exam, however, many of these anticipated problems are speculative and are not reasons to impose special conditions.

**IT IS THEREFORE ORDERED** that Defendant's motion to authorize a Rule 35 exam is **GRANTED**.  The examination shall go forward on October 16, 2023, at 9:00 a.m., in Wichita, Kansas, at the Marriott Ambassador Hotel.

**SO ORDERED.**

Dated October 12, 2023, at Wichita, Kansas.

/s Brooks G. Severson
Brooks G. Severson
United States Magistrate Judge