IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KURT CHADWELL, Individually and as Personal Representative
of the Estate of Decedent E.E. Chadwell,

        Plaintiff,

v.                                                                                         Case No. 20-1372-JWB

UNITED STATES OF AMERICA,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's motion for reconsideration (Doc. 212) and amended motion for reconsideration (Doc. 213) of this court's minute order denying his motion to for an extension of time to file an objection to an order entered by Magistrate Judge Severson. (Doc. 203.)

This case has been on the docket for three years as of December 31, 2020. (Doc. 1.) Although pending for three years, there is currently no trial setting due to a rash of continuances and delays. Notably, Plaintiff is proceeding pro se but is an attorney although he is not licensed in this court. Although he receives email communications from Defendant and sends his filings to the clerk's office by email, Plaintiff has not registered for this court's electronic notifications and, as a result, receives all filings and documents through the mail. This has resulted in additional expense to the court and compounds the already lengthy delays in this case. Under Rule 6(d), time is extended for three days when a party is served by a mailing. Plaintiff has utilized this rule to wait until three days prior to the deadline and seek an extension even though Plaintiff has access to a computer and electronic communications as evidenced in the record in this case.

1

With respect to the issue here, Defendant moved for a Rule 35 examination of Plaintiff. (Doc. 180.) Further, Defendant sought expedited briefing and permission to serve Plaintiff with the filings and forthcoming order by email. (Doc. 183 at 2.) That motion was granted. (Doc. 184.) In response to the motion for examination, Plaintiff objected on the basis that the physician was not qualified because she was not licensed in Kansas although she was licensed in several other states and he additionally requested certain limitations placed on the exam pertaining to the time, place, manner, conditions, and scope. (Doc. 194.) Magistrate Judge Severson granted the motion for an examination after finding Plaintiff's objection to the physician as unfounded. With respect to the conditions Plaintiff sought to be imposed, "twenty-one to be exact," the court addressed the requests on the merits and determined that Plaintiff had not demonstrated good cause to impose those conditions. (Doc. 195 at 6.) That order was entered on October 12 and the examination went forward on October 16. The government served Plaintiff with the order by email on October 12 at 12:59 p.m. (Doc. 202-4.)

On October 27, Plaintiff moved for an extension of time to file an objection to the magistrate's order even though the examination had already occurred. (Doc. 201.) In his motion, Plaintiff detailed how he had spent days working "feverishly" on activities related to the lawsuit but still needs time. Plaintiff asserted that his deadline to file the objection was October 30 because the October 12 order was mailed to him by regular mail. (*Id.* at 1.) In response, Defendant argued that his motion was untimely because the deadline to file the objection had already passed in that he had 14 days from October 12 to file the objection based on the fact that the magistrate authorized the order to be sent to Plaintiff by email. (Doc. 202 at 2) (citing Fed. R. Civ. P. 72(a)). Defendant further argued that Plaintiff did not show good cause for the extension based on his past requests for extensions and asserted that his arguments raised in opposition to the exam (before the

2

magistrate) were invalid. After review, the court agreed with Defendant and entered an order finding that Plaintiff's motion was untimely. (Doc. 203.) The court also found that any such objection would be moot.

Plaintiff has now filed a motion for reconsideration and an amended motion for reconsideration arguing that the court erred by not calculating the correct days and finding that his motion would be moot. In those documents, Plaintiff wholly fails to address that he was served with the order by email. Therefore, he was in receipt of the order, after such service was approved by the magistrate, on October 12. As such, his deadline to file an objection had passed by October 27 and his motion for an extension was untimely. Further, to the extent his objection would have been based on the failure to impose the conditions he sought, such objection would have been moot in light of the fact that the examination had already occurred.

Notably, even though five weeks have passed since this court entered its order denying him an extension to file the objection, Plaintiff has failed to identify what arguments he would have raised in an objection by setting forth those arguments in the motion for reconsideration or by attaching the proposed objection to his filing. The court has reviewed Magistrate Judge Severson's order and finds that she set forth the correct standard of law and that her application of the law was not erroneous.

For all of these reasons, Plaintiff's motions for reconsideration (Docs. 212, 213) are denied.

This court is frustrated with the continued delays in this case and the constant requests for extensions. The court has previously expressed dissatisfaction with the delays in a prior order. (Doc. 142 at 11.) A review of the record shows that Plaintiff has requested at least 28 extensions of time for various filings. Further, Plaintiff recently failed to comply with the undersigned's order requiring discovery responses and Magistrate Judge Severson entered an order requiring

3

compliance by November 27, 2023. (Doc. 211.) If Plaintiff spent the same amount of time working on his discovery responses instead of filing 15 and 17 page motions for reconsideration, this matter may start to proceed in a timely matter. Further, the court notes that although Plaintiff refuses to sign up as a pro se participant in the CM/ECF filing system, the government always sends its filings to Plaintiff through email in addition to mailing those documents. (Doc. 183 at 2.) Further, Plaintiff sends his filings to the clerk's office by email. (*See* Doc. 212 at 16.) Therefore, there is no apparent justification for Plaintiff to fail to sign up as a pro se participant and his failure to do so has complicated this litigation as discussed herein. It is also an additional unnecessary expense for the court and Defendant. Based on Plaintiff's continued delays, it appears that Plaintiff is using those extra three days to unnecessarily prolong the time he has to respond – especially in light of the fact that Defendant has provided him with the filings when they are filed. Plaintiff essentially gets an advantage because Defendant does not have an extra three days to respond to his filings. The time has come for Plaintiff's abuse of this privilege to end.

The court orders Plaintiff to complete the Pro Se Electronic Notice form, http://ksd-dev.jdc.ao.dcn/sites/ksd/files/New%20Pro%20Se%20ECF%20Form.pdf. Plaintiff is ordered to follow the instructions on the form, which include filling out certain information, affixing his own wet signature to the form, and sending the form either by email, fax, or mail to the appropriate location specified on the form. This will allow him to receive electronic notification of all filings in this matter so that Defendant will not be required to mail him copies of the filings. This will not require Plaintiff to electronically file his own documents and will allow him to continue emailing his filings to the clerk's office for filing.

Plaintiff is ordered to complete the Pro Se Electronic Notice form by December 22, 2023. Effective December 26, 2023, Defendant may rely on CM/ECF notifications of filing for effectuating service of papers on Plaintiff as described in Federal Rule of Civil Procedure 5.

Further, Plaintiff is on notice that any further motions for an extension of time presented to the undersigned may be set for an in person hearing on short notice. Should Plaintiff fail to appear for such a hearing, the motion will be denied and sanctions may be considered.

Plaintiff's motion for reconsideration (Doc. 212) and amended motion for reconsideration (Doc. 213) are DENIED.

IT IS SO ORDERED. Dated this 13th day of December 2023.

                                                 __s/ John W. Broomes_____
                                                 JOHN W. BROOMES
                                                 UNITED STATES DISTRICT JUDGE