UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KURT CHADWELL, individually and as personal representative of the estate of deceased E.E. Chadwell,<br><br>      Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>      Defendant. | Case No. 20-1372-JWB-BGS |

## DISCOVERY ORDER

The Court held a discovery hearing on January 19, 2024. During that hearing, the Court made several rulings and admonitions. The reasoning behind the rulings and admonitions are more fully explained on the record; however, the Court issues this written order memorializing its key rulings.

Discovery in this case has been highlighted by onerous and burdensome discovery. More disappointing, the parties have been unable to work out any issue themselves. This first became apparent while the parties were attempting to resolve issues concerning Defendant's and Plaintiff's first batch of discovery. The Court attempted to assist the parties for months. Meet and confer efforts were futile at best. Defense counsel informed the Court that some meet and confer sessions lasted as long as four hours; however, even after such lengthy conversation, no meaningful compromises or resolutions took place. The Court held a pre-motion conference with the parties that lasted over 2 hours. Even after the Court's guidance, the parties were unable to narrow any issues. This led to Magistrate Judge Gale suspending all pre-motion requirements and setting a motion to compel deadline. *See* Doc. 132. He extended page limitations for briefing and eliminated the need for a Reply. As expected, both parties filed a motion to compel. It was clear the parties were unable to narrow even a single issue during the months preceding the motions. As a result, the Court had to resolve

1

issues with nearly 700 requests for admissions, over 100 requests for production, and numerous interrogatories. In that order, Judge Gale entered a warning to the parties. The Court includes that warning here:

> Lastly, the Court intends to set parameters for any future discovery in this matter. Discovery up to this point has been onerous, unproductive, and voluminous. Plaintiff has served nearly 700 requests for admission and over 60 requests for production. Defendant has also served over 60 requests for production as well as a number of interrogatories. The Court cannot allow discovery to continue in this manner. Rule 1 requires the "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Any further substantial discovery is not consistent with the Rule 1 mandate. To that end, the Court will not allow any more requests for admission to be served by Plaintiff. Further, both parties are limited to 10 requests for production for the remainder of discovery. The parties are warned that further onerous and uncooperative discovery may be considered abusive and a waste of judicial resources. The parties are respectfully "advised to chill." *Mattel, Inc. v. MCA Recs., Inc.*, 296 F.3d 894, 908 (9th Cir. 2002).

*Chadwell v. United States*, No. 620CV01372JWBKGG, 2023 WL 5093993, at *8 (D. Kan. Aug. 9, 2023), *some objections sustained on other grounds,* No. 20-1372-JWB, 2023 WL 6541288 (D. Kan. Oct. 6, 2023). After Judge Gale's discovery order, each party objected to the order pursuant to Fed. R. Civ. P. 72(a). Plaintiff specifically objected to Judge Gale's discovery limitations. On review, the District Judge concurred with Judge Gale's sentiments and upheld the prescribed discovery limitations.

This is not the only time the District Judge has expressed frustrations with the parties' handling of the case. On a motion for reconsideration, the District Judge noted that the case has been on the docket for three years but continues to be delayed due to a rash of continuances and delays. There have been an inordinate number of requests for extensions of time. Many of those motions are over 10-pages long. Since Judge Gale and Judge Broomes' orders, the parties continue to have issues. The Court has held several discovery conferences and entertained numerous motions. Unsurprisingly, any issue that arose has been unable to be resolved without substantial court intervention and subsequent motion practice.

2

There has also been consternation regarding the discovery deadline in the case. The discovery deadline is currently February 12, 2024. Multiple motions have been filed in attempt to move the discovery deadline or seek extensions that would necessarily impact it. However, the Court has remained firm: the discovery deadline is not moving. Discovery in this case has been on-going for over a year. After more motions practice regarding scheduling, the Court set a final schedule of experts. Since the parties agreed to remove the need for rebuttal experts, the Court extended the initial expert disclosures deadline to November 6, 2023, and extended the opposing expert disclosures deadline to January 5, 2024. All other deadlines remained as stated in the scheduling order. The parties appeared to be working towards finishing discovery when the Defendant contacted the Court regarding additional disputes. On January 11, 2024, the Defendant requested a pre-motion conference pursuant to D. Kan. Rule 37.1(a).

With one month left in discovery, there were disputes concerning (1) Plaintiff's notice of a 30(b)(6) deposition duces tecum; (2) Plaintiff's first and second set of interrogatories; (3) Plaintiff's notice to take video deposition duces tecum of Francisco Vazquez; (4) a Rule 34 property inspection; (5) the production of Defendant's privilege log; and (6) the scheduling of over 10 depositions. After reviewing the disputes at issue, the Court set this matter for an in-person hearing.

The Court began the hearing by inquiring why Plaintiff waited until the eleventh hour to conduct extensive discovery and why the parties' meet and confer efforts have been entirely futile. The parties were unable to give a satisfactory answer. The Court then took up each of the discovery disputes noted above. A brief summary of the issues and subsequent orders are set forth below.

First, the Defendant took issue with Plaintiff's 30(b)(6) deposition duces tecum. The deposition notice was 79 pages long and contained 58 topics and 463 subtopics. Defendant contended the deposition notice was facially overbroad and not proportional to the needs of the case. Plaintiff argued that the lengthy number of deposition topics was necessary to obtain all the

3

information he needs.  There was also a dispute concerning the length of the deposition.  Defendant further contended the deposition should last no longer than 4 hours.  Plaintiff argued that he should receive 4 hours of deposition time per a designee.

Second, Defendant raised an issue with the number of Plaintiff's interrogatories. Plaintiff served over 30 interrogatories with numerous subparts.  Most questions had more than 10 subparts with some spanning to 19 different subparts.  Defendant argued that the number of interrogatories significantly exceeded the limit of 40 in the scheduling order.  Plaintiff stated that many of the subparts fit within a "common theme" and therefore should be counted as groups rather than individually.

Third, Defendant raised the issue of a deposition notice filed by Plaintiff.  A notice to take a video deposition duces tecum of Francisco Vazquez was filed on January 2, 2024, with a deposition date of February 5, 2024.  Defendant argued that Mr. Vazquez is not available that date and that the date was given without consulting the Defendant.  Plaintiff contends that there is not a good reason why the deposition should not proceed as scheduled.

Fourth, Plaintiff raised an issue of conducting a land inspection pursuant to Rule 34. Plaintiff contends that inspecting the hospital room his father stayed in is necessary to support his claims in the case.  Defendant opposes the request arguing that an inspection may cause a disruption to a surgical unit.  The current state of the room and whether it is substantially similar to its former condition is unknown at the current time.

Fifth, Plaintiff alleges that Defendant is in violation of Judge Gale's previous order instructing Defendant to produce a privilege log.  Plaintiff informed the Court that he has not yet received a privilege log.  Defendant does not dispute that no privilege log has been produced but argues that it has fully complied with Judge Gale's order.

Sixth, there was an issue concerning whether certain depositions were occurring. Apparently, numerous depositions had yet to be scheduled and many have not been noticed. This is especially concerning given that the discovery deadline is less than a month away.

As the Court has previously noted, is time for the discovery abuses in this case to come to an end. As set forth herein, there have been violations of the scheduling order, extremely burdensome discovery, and a breach of Judge Gale's directive "to chill." For the reasons stated on the record, the Court orders as follows:

1) <u>Plaintiff's Rule 30(b)(6) Deposition Notice</u>

Plaintiff's Rule 30(b)(6) deposition notice, Doc. 244, is quashed as prepared. As prepared, the notice is facially overbroad and includes topics not relevant or proportional to the needs of the case. The Court orders Plaintiff to revise his deposition notice and serve it on the government by January 25, 2024, at 5:00 p.m. A copy of the deposition notice shall also be emailed to Chambers. The deposition notice is limited to 25 topics <u>with no subparts</u>. If there are objections to the amended notice, then the parties are ordered to meet and confer by January 30, 2024. The meet and confer does not have to exceed one hour if conversation proves to be unproductive. In the event no agreement is reached regarding any objections, the parties are ordered to advise the Court by January 31, 2024, at 12:00 p.m. and submit brief position statements if disputed issues remain. Further, the Court finds that as set forth in the scheduling order, the total deposition time is limited to four hours.

2) <u>Plaintiff's First and Second Set of Interrogatories</u>

The Court finds that many of the subparts to Plaintiff's Interrogatories do not consist of a "common theme" and that Plaintiff has violated the scheduling order by exceeding the limit of forty (40) interrogatories. Plaintiff is ordered to revise his interrogatories subject to the limitations set forth herein. Further, Plaintiff is strongly encouraged to revise and edit the Instructions and Definitions section because many are burdensome and not in accordance with what the federal rules of civil procedure contemplate. Specifically, the Court strikes instruction 18 on its face. Regarding the interrogatories, Plaintiff is limited to no more than 40 interrogatories <u>with no subparts</u>. Plaintiff may refer to existing interrogatory numbers, revise them, or draft entirely new ones. However, in no event shall the number exceed 40. Plaintiff is ordered to serve his amended interrogatories on Defendant by January 25, 2024, at 5:00 p.m. A copy of the interrogatories shall also be emailed to Chambers. Defendant's deadline to respond to the Interrogatories is February 26, 2024. Defendant is strongly encouraged to answer the questions propounded and to not resort to boilerplate objections for each response.

3) <u>Deposition Notice of Francisco Vazquez</u>

The first issue regarding Mr. Vazquez's deposition is that it was unilaterally noticed for February 5, 2024, at the VA Hospital in Houston, Texas. Mr. Vazquez is Defendant's employee and neither Defendant or deponent were consulted on the deposition date prior to the notice being filed. Further, Plaintiff conveniently noticed the deposition up for February 5, 2024, after being asked by the Defendant if Plaintiff was available to give his deposition on that same date. The Court quashes the deposition notice of Mr. Vazquez and directs that Plaintiff will submit to his deposition on February 5, 2024, at the AUSA's office in Wichita, Kansas. Defendant is directed to file the deposition notice. The parties are directed to consult on an agreeable time and place for Mr. Vazquez's deposition, to take place prior to the close of discovery on February 12, 2024. The parties tentatively agreed on January 29, 2024, for the date of the deposition pending Mr. Vazquez' availability. The parties are ordered to further confer regarding the date of the deposition.

Further, Defendant moved for a protective order as it pertained to the "instructions" section of the Vazquez deposition notice. For the reasons stated on the record, the motion was granted. Any later filed deposition notice for Mr. Vazquez should not include the prior instructions.

4) <u>Rule 34 Land Inspection</u>

The Court made a preliminary determination that a Rule 34 limited inspection of the relevant and proportional areas of the VA premises at issue is appropriate. However, Plaintiff is to limit the scope of the Rule 34 request. The inspection is limited to key areas such as the nurse's station in relation to the Earl Chadwell's room, the location of Earl Chadwell's room, the location of Earl Chadwell's bathroom, and other key surrounding areas. Defendant informed the Court it intends to learn more information regarding the current state of the VA hospital at issue. Plaintiff is ordered to serve a Rule 34 request on Defendant if he wishes to conduct such an inspection. The parties are ordered to confer regarding the inspection should any issues arise.

5) <u>Judge Gale Order (Doc. 148)</u>

Defense counsel Russell Keller and Thomas Beall informed the Court on the record that they have fully complied with Judge Gale's discovery order. They further informed the Court that they exercised due diligence in locating responsive documents and certify that there was no privileged information. Plaintiff's arguments that Judge Gale's order has not been complied with were speculative and not based on evidence. Defense counsel's statements of certification are sufficient, and the Court issues no order on this issue.

6) <u>Other Depositions</u>

   Plaintiff previously indicated to Defendant that he wanted to depose 8 employees and 4 non-employees. The parties tentatively agreed to dates for the 8 employees, but since that time, Plaintiff has taken no further action, nor has he issued deposition notices. Plaintiff is ordered to inform the government by email on January 22, 2024, at 12:00 p.m. if he intends to depose either: Alida Arrington, Michael Kintz, Karen Engels, Jozef Zelenak, Connie Cheren, or Sharon Brangman. Plaintiff is ordered to file his deposition notices by January 25, 2024. In the event the availability of a deponent is not currently known, the parties are ordered to ascertain the availability as soon as practicable and then promptly file a deposition notice. The Court issues no order at this time regarding the depositions of non-employees Regina Ketterman, Deborah Rice, Deanna Shamrell, and Belinda Smith, but reminds Plaintiff that discovery closes on February 12, 2024.

7) The parties are warned that further discovery abuses and/or violations of Court orders may result in sanctions under Rule 37.

8) Should any issues remain, the parties are ordered to inform the Court by January 31, 2024, at 12:00 p.m. The parties should provide the Court with a brief non-argumentative statement of what issues remain, and if any new issues have arisen. If new issues have arisen, they shall provide a brief paragraph explaining the dispute.

9) The Court provisionally sets a discovery hearing for February 2, 2024, at 10:00 a.m. to address any discovery issues that remain in the case. The hearing is set for an in-person at the U.S. Courthouse, courtroom 406, in Wichita, Kansas. The Court may change the setting to a telephone hearing after reviewing the remaining issues. In the event no discovery issues remain, and the parties do not desire a hearing, the Court will cancel the hearing.

10) The motion for discovery, doc. 252, is **GRANTED in part and DENIED in part**.

   **IT IS SO ORDERED.**

   Dated January 23, 2024, at Wichita, Kansas.

   /s Brooks G. Severson
   Brooks G. Severson
   United States Magistrate Judge

7