UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KURT CHADWELL, individually and as personal representative of the estate of deceased E.E. Chadwell, | |
| Plaintiff, | Case No. 20-1372-JWB-BGS |
| v. | |
| THE UNITED STATES OF AMERICA, | |
| Defendant. | |

**MEMORANDUM & ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL OF RECORD FOR NON-PARTY BELINDA D. SMITH**

This matter is before the Court on Plaintiff's Motion to Disqualify attorney Steven Smith and Hinkle Law Firm, from representing non-party Belinda D. Smith in connection with her deposition. Doc. 316. Plaintiff appeared pro se. Defendant appeared through counsel, Russell Keller and Thomas Beall. Third-party Belinda Smith appeared through counsel, Gregory S. Young. After consideration of Plaintiff's motion and memorandum in support (Doc. 316), Belinda Smith's memorandum in opposition (Doc. 319), Plaintiff's reply (Doc. 321) and hearing additional argument from counsel at the evidentiary hearing on April 19, 2024, the Court announced its oral ruling at the conclusion of the hearing. Plaintiff's Motion to Disqualify Steve Smith is **GRANTED**; however, Plaintiff's motion to disqualify Gregory Smith, an attorney at Hinkle Law Firm, is **DENIED**. This written order memorializes that ruling[1].

I.      **Background**

This is a medical malpractice action against the United States under the Federal Tort Claims Act.

---

[1] The motion hearing was recorded (April 19, 2024, Tape No. 10:00 a.m.-11:30 a.m.) but not transcribed.

Plaintiff alleges that the acts or omissions complained of in the lawsuit were due to the negligence of Defendant's employees and that the Defendant is vicariously liable for the tortious acts of those employees. Doc. 54, at 8, 50. Discovery in this case has been onerous and has required Court intervention on numerous occasions. The Court has recounted the lengthy and contentious history of the case in its prior orders and will not repeat it here. *See* Doc. 253.

The present dispute involves the deposition of Belinda Smith, a non-party fact witness to the case.[2] Ms. Smith was a member of decedent's "care team" within the VA prior to decedent's death. Doc. 316, at 6. On February 2, 2024, Plaintiff filed a notice to take the deposition of Belinda Smith on February 9, 2024. Doc. 276.

On February 9, 2024, Samantha Woods of Martin, Pringle, Oliver, Wallace & Bauer, L.L.P., entered her appearance for Belinda Smith. Doc. 283. Ms. Smith's deposition was rescheduled to take place on March 29, 2024. Doc. 295. On March 26, 2024, Ms. Woods withdrew as counsel for Ms. Smith and Gregory Young of Hinkle Law Firm entered his appearance as substituted counsel. Doc. 313.

On March 28, 2024, Plaintiff requested a pre-motion discovery conference with the Court stating he believed Mr. Young and Hinkle Law firm should be disqualified from representing Ms. Smith at the deposition. The pre-motion conference took place on March 28, 2024. Plaintiff, having satisfied his pre-motion conference requirements under D. Kan. Rule 37.1 and 37.2, filed this motion on March 29, 2024, resulting in a suspension of the deposition. Doc. 316.

Plaintiff moves the Court to disqualify attorney Steven Smith[3] under Kansas Rule of Professional Conduct 1.18 from representing non-party Belinda Smith and to prohibit any lawyer in

---

[2] A discovery hearing was conducted on February 2, 2024. One of the issues before the Court was Plaintiff's request to take depositions of several non-employees, one of which was Belinda Smith. Doc. 280, at 5.

[3] To the Court's knowledge, there is no familial relationship between attorney Steven Smith and non-party witness, Belinda Smith.

a firm with which Mr. Smith is associated from undertaking or continuing representation of Ms. Smith.  Doc. 316, at 1.  Third-party Ms. Smith filed her response on April 10, 2024, followed by Plaintiff's Reply on April 15, 2024.  Docs. 319, 321.

In Plaintiff's Motion and accompanying affidavit, Plaintiff argues that Kansas Rule of Professional Conduct (KRPC) 1.18, which applies to prospective clients, precludes Mr. Smith and any lawyers from Hinkle Law Firm from acting as counsel for Ms. Smith in this matter.  Plaintiff alleges that in December 2020, he consulted with Mr. Smith, an attorney at Hinkle Law Firm, as a prospective client for the purpose of seeking representation in the underlying litigation.  Plaintiff alleges that he had two conversations with Mr. Smith wherein he provided confidential information to Mr. Smith, including his "core opinion work product" and opinions about the case's settlement value.  He further argues that Ms. Smith's interests are materially adverse to his because her "acts or omissions may have caused or contributed to the preventable fall and resulting left hip fracture that Earl sustained on February 11, 2014".  Doc. 316, at 6.  Plaintiff asserts that he provided "significantly harmful" information to Mr. Smith in the consultation and, as a result, Mr. Smith, and any lawyers at his firm, including Mr. Young, are precluded from representing Ms. Smith in this matter under KRPC 1.18(c).

Mr. Smith's recollection varies from that of Plaintiff.  His affidavit states he had one brief phone call with Plaintiff wherein Plaintiff stated he was looking for someone to represent him in a claim against the VA.  Mr. Smith told Plaintiff he did not do that type of work and wished him luck finding someone to represent him.  Mr. Smith states he did not learn any confidential information or information about Plaintiff's theories of the claim.  Doc 319-2.

Because the affidavits established disputed issues of fact, the Court conducted an evidentiary hearing on April 19, 2024, to afford the parties an opportunity to submit additional evidence to the Court.  *See Layne Christensen Co. v. Purolite Co.*, No. 09-2381-JWL-GLR, 2011 WL 1113543, at *6 (D.

3

Kan. Mar. 24, 2011) (finding that where there are no disputed issues of material facts, an evidentiary hearing is not required).

## II.   Discussion.

### a.   General Rules Regarding Disqualification of Counsel.

This District has adopted the Kansas Rules of Professional Conduct ("KRPC") as the applicable standard of professional conduct, "except as otherwise provided by a specific rule of this court." D. Kan. Rule 83.6.1(a). "The Court has the power to disqualify counsel at its discretion for violations of professional standards of ethics." *Biocore Med. Techs., Inc. v. Khosrowshahi*, 181 F.R.D. 660, 664 (D. Kan. 1998).

"Disqualification of an attorney chosen by a party to represent him in a lawsuit is a serious matter. Courts have the inherent power to disqualify counsel where necessary to preserve the integrity of the adversary process." *Chapman Engineers, Inc. v. Nat. Gas Sales Co.*, 766 F. Supp. 949, 953 (D. Kan. 1991). Motions to disqualify are decided case-by-case based on their own facts. *See Layne Christensen Co. v. Purolite Co.*, No. 09-2381-JWL-GLR, 2011 WL 1113543, at \*5 (D. Kan. Mar. 24, 2011), *see also Graham by Graham v. Wyeth Lab'ys Div. of Am. Home Prod. Corp.*, 906 F.2d 1419, 1424 (10th Cir. 1990). "[T]he court must carefully balance the interest in protecting the integrity of the judicial process against the right of a party to have the counsel of its choice." *Layne Christensen Co. v. Purolite Co.*, No. 09-2381-JWL-GLR, 2011 WL 1113543, at \*5 (D. Kan. Mar. 24, 2011). "A motion to disqualify counsel deserves serious, conscientious, and conservative treatment." *Id.*

The moving party bears the burden of proof in a motion to disqualify. *Koch v. Koch Indus.*, 798 F. Supp. 1525, 1530 (D. Kan. 1992). "The proof must be more than mere speculation and must sustain a reasonable inference of a violation." *Id.*, at 1530-1531.

### b.   KRPC 1.18

Kansas Rule of Professional Conduct 1.18 provides:

4

(a)  A person who consults with a lawyer about the possibility of forming a client-lawyer relationship with respect to a matter is a prospective client.

(b)  Even when no client-lawyer relationship ensues, a lawyer who has learned information from a prospective client shall not use or reveal that information, except as Rule 1.9 would permit with respect to information of a former client.

(c)  A lawyer subject to paragraph (b) shall not represent a client with interests materially adverse to those of a prospective client in the same or a substantially related matter if the lawyer received information from the prospective client that could be significantly harmful to that person in the matter, except as provided in paragraph (d). If a lawyer is disqualified from representation under this paragraph, no lawyer in a firm with which that lawyer is associated may knowingly undertake or continue representation in such a matter, except as provided in paragraph (d).

(d)  When the lawyer has received disqualifying information as defined in paragraph (c), representation is permissible if:

(1)  both the affected client and the prospective client have given informed consent, confirmed in writing, or:

(2)  the lawyer who received the information took reasonable measures to avoid exposure to more disqualifying information than was reasonably necessary to determine whether to represent the prospective client; and

(i)  the disqualified lawyer is timely screened from any participation in the matter and is apportioned no part of the fee therefrom; and

(ii)  written notice is promptly given to the prospective client.

To succeed on a motion to disqualify under this Rule, Plaintiff must establish (1) he was a prospective client of Hinkle Law Firm; (2) his interests are materially adverse to Ms. Smith; (3) the matter Plaintiff spoke to Mr. Smith about is the same or substantially related matter as the present case; and (4) during the conversation, Mr. Smith learned significantly harmful information.  Even if Plaintiff satisfies his burden to show all four elements are met, Hinkle Law Firm may still be permitted to continue representation if the firm complies with KRPC 1.18(d).

At the evidentiary hearing, Mr. Young, counsel for non-party witness Ms. Smith, stated that for the purposes of this motion, he concedes that the elements under 1.18(a) and (c) are satisfied and that the Court's analysis should proceed on whether the exception under 1.18(d)(2) applies to the

current situation.  The Court agrees.  Based on the concession, the Court finds that Mr. Smith received "disqualifying information as defined in paragraph (c)" and is disqualified from representing Ms. Smith.  The only question remaining for the Court is whether representation by Hinkle Law Firm, through its attorney Gregory Young, is permissible under 1.18(d)(2)[4].

KRPC 1.18(d)(2) provides that if a lawyer is disqualified from representing a client under 1.18(c), representation is allowed if the lawyer (1) "who received the information took reasonable measures to avoid exposure to more disqualifying information" than was reasonably necessary to determine whether to represent the prospective client; (2) the disqualified lawyer is screened from participation; (3) the disqualified lawyer is not apportioned any part of the fee; (4) and written notice is provided to the prospective client.  KRCP 1.18(d)(2).

Mr. Smith took reasonable measures to avoid exposure to more disqualifying information when he spoke to Mr. Chadwell on the phone in 2020.  Mr. Smith testified that he had one phone call from Mr. Chadwell regarding representation in this matter.  He stated that he recorded one non-billable time entry documenting the conversation in the firm's time keeping system.  He testified that he did not speak with any other lawyers in the firm about the matter and took no further action beyond the initial discussion with Mr. Chadwell.  The next Mr. Smith heard about the matter was after receiving a firm wide conflict check email in April 2024 regarding the representation of non-party witness Belinda Smith.  Mr. Smith testified that he did not view it as a conflict, but because he knew Plaintiff, Plaintiff's brother, and Plaintiff's father, he notified Mr. Young that he personally knew Plaintiff.  Mr. Smith stated he heard nothing further on the matter until several days later when Mr. Chadwell put the firm on notice of a potential conflict.

Mr. Chadwell argues that that there were two phone calls that took place with Mr. Smith.

---

[4] The exception set forth in KRPC 1.18(d)(1) does not apply because Plaintiff, as the prospective client, does not consent to Mr. Young representing Ms. Smith in this matter.

He testified that Mr. Smith told him that he floated the case to his partners, and no one was interested in handling the matter. Mr. Chadwell expressed concerns that confidential information may have been disseminated to other members of the firm. The Court finds this is mere speculation. Mr. Chadwell admits that he does not have personal knowledge of, and did not participate in, any of the conversations that Mr. Smith allegedly had with other lawyers at the firm. In weighing the evidence, the Court finds that Mr. Chadwell has not met his burden to establish that Mr. Smith failed to take reasonable measures to avoid exposure to more disqualifying information than was reasonably necessary to determine whether to represent a prospective client.

The next element is whether the disqualified lawyer – Mr. Smith – has been timely screened from any participation in the matter and will not be apportioned a part of the fee. Both elements are satisfied. "'Screened' denotes the isolation of a lawyer from any participation in a matter through the timely imposition of procedures within a firm that are reasonably adequate under the circumstances to protect information that the isolated lawyer is obligated to protect." KRCP 1.0(l). Mr. Smith practices in Hinkle Law Firm's employee benefits group while Mr. Young practices in the firm's litigation department. Hinkle Law Firm's various practice areas effectively operate as individual law firms, including staffing, case management, and profit sharing. As a result, attorneys in the employee benefits group do not have access to the litigation department's client files.

Mr. Smith testified that after Mr. Young was advised of the potential conflict involving Ms. Smith, Mr. Smith had a conversation with managing partner, Mark Maloney, so that the firm could investigate whether a true conflict existed. Mr. Smith had no conversations with Mr. Young or any other member of the firm about the matter. Likewise, he has never spoken to or met Ms. Smith, nor does he have access to the litigation files, including Ms. Smith's file. Mr. Young and Mr. Smith verified that upon receiving notice of the potential conflict, Mr. Smith has been screened from any participation in the matter, including ensuring Mr. Smith does not have access to any electronic or

paper files on this matter and prohibiting access to any relevant time keeping or billing records.  Mr. Smith will continue to not be involved and will not have access to any information concerning the representation of Ms. Smith.  Such screening will remain in place for the duration of the representation.  Further, because Mr. Smith's employee benefits department does not share profits with the firm's litigation practice department, he will not receive any portion of the fee generated from the representation of Ms. Smith.  The Court finds Mr. Smith has been effectively screened from any participation in the matter and that he will not be apportioned any part of the fee.

Next, the Court addresses the requirement of written notice to the prospective client.  "Notice, including a general description of the subject matter about what the lawyer was consulted, and of the screen procedures employed, generally should be given as soon as practicable after the need for screening becomes apparent."  KRPC 1.18, cmt 8.  The Court finds that notice regarding the description of the matter about what the lawyer was consulted is not necessary here, given that Mr. Chadwell was a participant in the alleged consultation.  The Court finds that notice regarding the screening procedures employed is required under the Rule and directs Hinkle Law Firm to provide written notice to Plaintiff with a description of the screening procedures used by Hinkle Law Firm.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Disqualify Steven Smith is **GRANTED**, but Plaintiff's Motion to Disqualify the firm of Hinkle Law Firm, specifically Gregory Young, is **DENIED**.

**IT IS FURTHER ORDERED** that by **April 24, 2024**, Hinkle Law Firm shall provide written notice to Plaintiff setting forth the screening procedures.

**IT IS FURTHER ORDERED** that any objection of this order to the District Judge must be filed no later than **April 26, 2024**.

**IT IS FURTHER ORDERED** that the deposition of non-party witness Belinda Smith must take place no later than **May 31, 2024**.  Plaintiff is directed to file an amended notice upon the

deposition being rescheduled.

**IT IS SO ORDERED.**

Dated April 22, 2024, at Wichita, Kansas.

/s/ Brooks G. Severson
Brooks G. Severson
United States Magistrate Judge