UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KURT CHADWELL, individually and as personal representative of the estate of deceased E.E. Chadwell,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>THE UNITED STATES OF AMERICA,<br><br>　　　　　Defendant. | Case No. 20-1372-JWB-BGS |

**MEMORANDUM & ORDER
GRANTING IN PART & DENYING IN PART
PLAINTIFF'S MOTION TO RECONSIDER ORDER ON MOTION TO DISQUALIFY
<u>COUNSEL OF RECORD FOR NON-PARTY BELINDA D. SMITH</u>**

This matter is before the Court on Plaintiff's "Motion to Reconsider the Court's April 22, 2024[,] Memorandum and Order (Doc. 325)." (Doc. 333.) For the reasons set forth below, Plaintiff's motion is **GRANTED in part** and **DENIED in part**.

The underlying motion sought to disqualify attorney Steven Smith and Hinkle Law Firm from representing non-party Belinda D. Smith in connection with her deposition. (Doc. 316.) In reaching its decision on the underlying motion, the Court considered Plaintiff's motion and memorandum in support (Doc. 316), Belinda Smith's memorandum in opposition (Doc. 319), Plaintiff's reply (Doc. 321), and heard additional argument from counsel at the evidentiary hearing on April 19, 2024. (Doc. 324, Minute Entry.) The parties also had the opportunity to call/examine witnesses at the evidentiary hearing.

At the conclusion of the evidentiary hearing, the underlying Magistrate Judge ruled from the bench at the April 19, 2024, hearing, explicitly denying Plaintiff's motion. Plaintiff's Motion to Disqualify Steve Smith was granted, while Plaintiff's motion to disqualify Gregory Smith, an attorney

1

at Hinkle Law Firm, was denied.[1] This oral ruling was the Order of the Court on Plaintiff's motion.

In that oral ruling, the Court gave Plaintiff a week – or until April 26, 2024 – to file any objection to the Court's Order. The parties were also informed by the Court that the written Order memorializing the Court's ruling would, most likely, not be filed until the following business day, Monday, April 22, 2024, to give the Court adequate time to put its oral ruling in written form. The written Order was subsequently filed on April 22, 2024. (Doc. 325.)

Subsection (a) of Federal Rule of Civil Procedure 72 governs Magistrate Judge orders on nondispositive matters. That subjection states in relevant part that "[a] party may serve and file objections to [a Magistrate Judge's] order [on a nondispositive matter] within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). The Court acknowledges the confusion created by the attempt to shorten the objection time to one week (April 26, 2024). This was compounded by the fact that the Court's oral Order on Plaintiff's motion occurred on April 19, 2024, and the written Order was filed the next business day, April 22, 2024.

Assuming the Court's Order was effective when stated from on the bench on April 19th, the 14-day deadline to file a motion to reconsider expired on Friday, May 3, 2024, making Plaintiff's present motion (Doc. 333) – filed on May 6, 2024 – untimely. The Court could deny Plaintiff's motion on this basis. The Court will, however, assume, for the sake of argument, that the underlying Order was "filed" on April 22nd, when the written Order was entered in the record. This makes May 6th – the day Plaintiff filed the present motion – the 14-day deadline to file a motion to reconsider under D. Kan. Rule 7.3.

In this context, Plaintiff asks that the April 26, 2024, deadline to object be found "invalid" and a revised Memorandum & Order be issued that is consistent with the 14-day deadline of Fed. R.

[1] The motion hearing was recorded (April 19, 2024, Tape No. 10:00 a.m.-11:30 a.m.) but not transcribed. Plaintiff has since ordered a transcript of the hearing. (Doc. 334.)

Civ. P. 72(a) & (b). (Doc. 333, at 7.) Plaintiff also asks that this revised 14-day deadline "commence to run anew from the date on which the revised memorandum and order is served." (*Id.*)

The Court **GRANTS** Plaintiff's request that the deadline to object be revised to 14 days in order to be consistent with Fed. R. Civ. P. 72(a).[2] That stated, if Plaintiff was operating under the belief that the deadline to object to the underlying Order could not be shortened to 7 days (April 26, 2024), but was in fact required to be 14 days pursuant to Fed. R. Civ. P. 72(a), Plaintiff should have acted accordingly. In other words, Plaintiff had a duty to raise all objections to the underlying Order no later than May 6, 2024. No such objections were filed and the deadline has now passed. (*See* Doc. 333.) This portion of Plaintiff's motion is, therefore, **DENIED**. Further, the Court will not, as requested by Plaintiff, enter a revised Order and set the deadline to "commence to run anew" from today's date. (*See* Doc. 333, at 7.)

Plaintiff also raises the argument of "new evidence" as a basis to reconsider the underlying Order. (Doc. 333, at 5.) Motions to reconsider are governed by D. Kan. Rule 7.3, which states in relevant part that such a motion to "must be based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice."

Attached to his motion, Plaintiff submits three exhibits, which he contends "constitute or contain new evidence, which calls into question fact findings contained in the April 22, 2024 Memorandum and Order (Doc. 325)." (*Id.*) This purportedly "new evidence" consists of email from Plaintiff to Steve Smith and Mark Maloney, both of whom are counsel at the Hinkle law firm. In these emails, Plaintiff requests a copy of a nonbillable time entry apparently made by Mr. Smith

---

[2] The 14-day time frame to file an objection based off of the latest effective date of the underlying Order of April 22, 2024, passed on May 6, 2024. As such, the Court does not find it necessary to amend or correct its prior Order regarding the seven-day deadline. This Order will suffice for that purpose.

memorializing the telephone conference he had with Plaintiff.[3]  Plaintiff's request was not honored by Smith or Maloney.  (Doc. 333, at 6.)

Simply stated, these emails do not constitute new evidence.  The underlying telephone call was discussed in Smith's affidavit that was submitted to the Court – and Plaintiff – on April 10, 2024, more than a week before the evidentiary hearing.  (Doc. 319-2.)  Further, Smith was questioned at the evidentiary hearing about the telephone call and resulting nonbillable time entry.  There is no new evidence, thus there is no basis to reconsider the Court's underlying Order.  This portion of Plaintiff's motion is **DENIED**.

Plaintiff continues that

> [a]s relief to Plaintiff, the Court should rescind and withdraw the April 22, 2024[,] Memorandum and Order (Doc. 325) given Mr. Smith's and the Hinkle Law Firm's failure to candidly disclose to the Court and Plaintiff, in advance of the April 19, 2024 hearing, the existence of the time entry.  The Court should order Mr. Smith and the Hinkle Law Firm to produce to Plaintiff a true and correct copy of the time entry referred to by Mr. Smith on April 19, 2024.  In the alternative, the Court should order Mr. Smith and the Hinkle Law Firm to produce to the Court for in camera review, as well as to Plaintiff, a true and correct copy of the time entry referred to by Mr. Smith on April 19, 2024.

(Doc. 333, at 7.)  The Court does not see how Smith, Maloney, and/or the Hinkle law firm was under any obligation to proactively produce the underlying, nonbillable time entry.  The subject telephone conference was clearly disclosed and testimony regarding the time entry was forthcoming during the evidentiary hearing.  The Court **DENIES** Plaintiff's requested relief.

The Court notes that Plaintiff has a deadline of May 31, 2024, to complete the deposition of

---

[3] The telephone conference was the subject of Smith's previously submitted affidavit.  (Doc. 319-2.)  As summarized in the Court's underlying Order, Smith's affidavit states he had one brief phone call with Plaintiff wherein Plaintiff stated he was looking for someone to represent him in a claim against the VA.  Mr. Smith told Plaintiff he did not do that type of work and wished him luck finding someone to represent him.  Mr. Smith states he did not learn any confidential information or information about Plaintiff's theories of the claim.  (Doc. 325, at 3 (citing Doc 319-2).)

4

Belinda Smith.  (Doc. 325.)  The Court instructs Plaintiff to move forward with that deposition as the Court will not be inclined to further extend this or any other deadlines in this case.

**IT IS THEREFORE ORDERED** that Plaintiff's "Motion to Reconsider the Court's April 22, 2024[,] Memorandum and Order (Doc. 325)" (Doc. 333) is **GRANTED in part** and **DENIED in part** as more fully set forth above.

**IT IS SO ORDERED.**

Dated May 8, 2024, at Wichita, Kansas.

/s/Brooks G. Severson
Brooks G. Severson
United States Magistrate Judge