IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KURT CHADWELL, Individually and as a Personal
Representative of the Estate of Decedent E.E. Chadwell,

        Plaintiff,

v.                                                                            Case No. 20-1372-JWB

UNITED STATES OF AMERICA,

        Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's motion to seal. (Doc. 374.) The motion is fully briefed and ripe for decision. (Doc. 375.) The motion is DENIED for the reasons stated herein.

This is a negligence action against the United States under the Federal Tort Claims Act, 28 U.S.C. § 1346. Following a stroke in the second half of 2013, Earl Chadwell ("Earl") sought treatment at the VA Medical Center ("VAMC") in Wichita, Kansas. Earl died on August 17, 2014. Plaintiff Kurt Chadwell asserts a survival claim under K.S.A. 60-1801 on behalf of the estate and a wrongful death claim under K.S.A. 60-1901 brought by Plaintiff individually due to the alleged negligent acts of the providers at VAMC. The pretrial order sets forth significant allegations of medical malpractice and negligence against the VAMC regarding Earl's medical care. (*See* Doc. 353.) Both parties have expert witnesses who will testify as to Earl's care and treatment while at the VAMC. Defendant has moved for summary judgment and both parties have filed *Daubert* motions. (Docs. 364, 369, 371, 372.) Because Defendant included several medical records as exhibits in support of summary judgment, which had been marked as confidential, Defendant provisionally filed those documents under seal pursuant to this court's local rule 5.4.2. (Doc. 366.)

1

Now, however, Defendant does not seek to file the records under seal and opposes Plaintiff's *Daubert* motion. In accordance with the rule, Plaintiff moved to maintain twenty-three exhibits under seal on the basis that they contain sensitive medical information; Plaintiff and his brother have an interest in keeping the medical records confidential, and Mark Chadwell is concerned that the release of medical information pertaining to his father may affect his ability to obtain insurance. (Doc. 374.)

The standards governing sealing court records were summarized by Judge Lungstrum in *New Jersey and its Div. of Inv. v. Sprint Corp.*, No. 03-2071-JWL, 2010 WL 5416837, *1 (D. Kan. Dec. 17, 2010):

> Courts, including the Tenth Circuit, have long recognized a common-law right of access to judicial records. *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (citations omitted). The right of access to judicial records is not absolute and the presumption of access "can be rebutted if countervailing interests heavily outweigh the public interests in access." *Id.* The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption. *Id.*

Here, Plaintiff argues that these records should be sealed because they have confidential medical information, but Plaintiff makes no effort to specifically discuss any information contained in the hundreds of pages of exhibits. Specifically, the party "must come forward with evidence as to the nature of the public or private harm that would result if it were so filed." *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164, 2007 WL 101858, at *5 n.10 (D. Kan. Jan. 10, 2007). These records involve Earl's care. It is hard to imagine a significant interest in sealing medical records of an individual who is deceased especially when the medical conditions are the central issues to the case. Besides speculating that Mark may not be able to obtain insurance if these hundreds of pages of documents are on the public record, Plaintiff has failed to come forward with a significant interest that is real and not speculative.

Further, these medical records are central to the claims. In such cases, this court has denied motions to seal. *See United States v. Washington*, No. CR 07-20090-02-KHV, 2020 WL 4673168, at *1 (D. Kan. Aug. 11, 2020). Plaintiff has put Earl's medical conditions at issue in this case and the public has an interest in information the court utilizes in resolving the motions at issue.

Finally, Plaintiff also invokes the Health Insurance Portability and Accountability Act ("HIPAA"), Pub. L. 104-191, 110 Stat. 1936 (1996), as a basis to maintain the records under seal. "Even assuming the medical records fall within the protection from public disclosure provided by state and federal law generally, that protection can be waived where, as apparent here, a plaintiff has placed the medical condition at issue." *Hunt v. United States*, No. CV 18-1006 JHR/KBM, 2018 WL 6002912, at *2 (D.N.M. Nov. 15, 2018) (citing cases).

**IV.   Conclusion**

Plaintiff's motion to seal (Doc. 374) is denied. The clerk is directed to unseal Doc. 365 and all exhibits attached to Doc. 365.

Plaintiff is cautioned that any subsequent motion to seal that does not meet the standards set forth herein will be summarily denied. Further, the court is not inclined to seal Earl's medical records in this case due to the issues at hand without a showing of a significant and real interest in sealing the same.

IT IS SO ORDERED.  Dated this 26th day of September, 2024.

       s/ John W. Broomes  
       JOHN W. BROOMES  
       UNITED STATES DISTRICT JUDGE