IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KURT CHADWELL, Individually and as a Personal
Representative of the Estate of Decedent E.E. Chadwell,

        Plaintiff,

v.                                                                                    Case No. 20-1372-JWB

UNITED STATES OF AMERICA,

        Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's motion to review and reverse certain rulings by Magistrate Judge Severson in the pretrial order. (Doc. 355.) The motion is fully briefed and ripe for decision. (Doc. 373.) The motion is DENIED for the reasons stated herein.

**I.      Facts and Procedural History**

This is a negligence action against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346. Following a stroke in the second half of 2013, Earl Chadwell ("decedent" or "Earl") sought treatment at the VA Medical Center ("VAMC") in Wichita, Kansas. Earl had two sons, Plaintiff Kurt Chadwell and Mark Chadwell. Earl died on August 17, 2014. Plaintiff is the sole administrator of the estate of the decedent; he is also the sole heir and beneficiary of the estate after Mark disclaimed his interest in the estate. (Docs. 74 at 3; 107 at 2.) Plaintiff proceeds in this action pro se.

This action was filed against the United States on December 31, 2020. (Doc. 1.) Defendant filed a motion to dismiss certain claims on June 14, 2021. Plaintiff filed several motions for extensions of time, mostly based on medical conditions due to COVID-19. (Docs. 13, 15, 18, 20, 22, 24, 26, 28.) On January 11, 2022, the court held a hearing to determine whether any further

1

extensions would be allowed. At that hearing, the court determined that no further extensions would be allowed and that Plaintiff was to file a response to the motion to dismiss by January 25, 2022. (Doc. 30.) After the motion was fully briefed, the court determined that there were several deficiencies in the complaint, including that Plaintiff could not represent the Estate pro se at that time due to Mark's status as a beneficiary of the estate. The court allowed Plaintiff to file a motion for leave to amend. (Doc. 33.) On March 28, 2022, Plaintiff filed a motion for leave to amend. (Doc. 34.) Subsequently, Plaintiff filed an amended motion for leave to amend. (Doc. 38.) That briefing was delayed again due to Plaintiff's motions for extensions of time to file a reply brief. (Docs. 41, 43, 45.) Ultimately, instead of filing a reply, Plaintiff filed a second amended motion for leave to file a revised amended complaint. (Doc. 47.) The magistrate judge allowed the filing but denied Plaintiff's motion for extension of time to file a reply brief and denied any further attempts to amend the pleadings. (Doc. 51.) On July 29, 2022, Magistrate Judge Gale ruled on Plaintiff's motion to amend. In his ruling, he granted Plaintiff leave to amend with respect to his proposed medical malpractice claims and determined that Plaintiff could represent the Estate pro se because he was the sole beneficiary of the Estate after his brother Mark disclaimed any interest in the Estate. However, Magistrate Judge Gale denied Plaintiff's motion with respect to Plaintiff's attempt to add claims of negligence in the use of unreasonable force and negligent infliction of emotional distress on the basis that the amendment would be futile. (Doc. 52.) Plaintiff filed his first amended complaint on August 15, 2022. (Doc. 55.) Plaintiff sought and received four extensions of time to file objections to the ruling on the motion to amend. (Doc. 56, 59, 62, 64.) Ultimately, Plaintiff did not file an objection to Magistrate Judge Gale's ruling on Plaintiff's motion to amend. The parties then proceeded to discovery.

The record reflects that there were significant discovery disputes in this case. Further, there were extensive delays with which this court has previously expressed its frustration. (Doc. 192 at 3; Doc. 274 at 3–4 (noting that Plaintiff had sought at least 28 extensions of time.)) The pretrial conference was held on July 10, 2024. Prior to the hearing, the parties were to submit the proposed pretrial order. The parties submitted a proposed pretrial order that was 62 pages long and also attached an additional exhibit of stipulated facts proposed by each party. Plaintiff's proposed stipulated facts amounted to 40 pages. (Doc. 373-2.) Magistrate Judge Severson's staff informed the parties that the pretrial order needed work before the pretrial conference and identified the areas that needed attention. (Doc. 373-3.) In this initial draft pretrial order, Plaintiff did not attempt to assert a claim for negligent use of unreasonable force. The parties submitted a second draft of the pretrial order that was 47 pages long. (Doc. 373-4.) Again, Plaintiff did not attempt to add a new claim of negligent use of unreasonable force. The pretrial conference was held on July 10, 2024.

During the hearing, Magistrate Judge Severson addressed the disputes contained in the pretrial order and identified rulings regarding the same. She informed the parties that they would need to revise the pretrial order in accordance with her rulings during the hearing. She also admonished the parties that they would not be allowed to change or add defenses or claims. (Doc. 373-5 at 30, 58.) In the initial draft pretrial order, Plaintiff indicated that he would be filing discovery related motions and requests for sanctions. (Doc. 373-4 at 47.) Magistrate Judge Severson ruled that such motions were untimely as discovery was closed and Plaintiff failed to alert the court as to any discovery issues and failed to meet and confer with the government on specific issues. (Doc. 373-5 at 66–69.)

On July 12, Magistrate Judge Severson's law clerk sent the parties a redlined version of the draft pretrial order which included some of her rulings and comments for the parties to address in the third draft. (Doc. 373-6.) In the third draft pretrial order, Plaintiff added a new claim of negligent use of reasonable force against Defendant related to force used against Plaintiff by a Veteran's Administration police officer. (Doc. 373-7 at 15, 30–32.) Defendant objected to the admission of this new claim on the basis that the claim was previously denied by Magistrate Judge Gale and it was not in Plaintiff's Rule 26 disclosures, interrogatory responses, or any other discovery documents. (*Id.* at 32, n. 15; 45, n. 27.) At the second pretrial conference, Magistrate Judge Severson denied Plaintiff's attempt to add this new claim on the basis that she had already ruled that the parties could not add new claims in the third draft of the pretrial order, the claim was previously denied, it was untimely, and highly prejudicial to the government. (Doc. 353 at 23, n. 10.)

The pretrial order asserts a survival claim under K.S.A. 60-1801 on behalf of the estate and a wrongful death claim under K.S.A. 60-1901 brought by Plaintiff individually due to the alleged negligent acts of the providers at VAMC. (*Id.* at 23–27.)

Plaintiff has filed an objection to Magistrate Judge Severson's rulings in the pretrial order. Specifically, he objects to the omission of his claim of negligent use of force, the striking of portions of the pretrial order relating to subject-matter jurisdiction, the striking of references to "net amounts" of damages, and the striking of the language regarding discovery motions.

## II. Standard

When a non-dispositive pretrial matter is ruled upon by a magistrate judge and a timely and specific objection to the ruling is made, the district judge is required to "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "Under

this clearly erroneous standard, the district court does not conduct a de novo review of the factual findings; instead, it must affirm a magistrate judge's order unless a review of the entire evidence leaves it 'with the definite and firm conviction that a mistake has been committed.'" *United States v. Kaeckell*, No. 19-mc-209-DDC, 2019 WL 6486744, at *1 (D. Kan. Dec. 3, 2019) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)). The "contrary to law" standard, by contrast, permits the district court to independently review purely legal determinations made by the magistrate judge, and to modify or set them aside if the order "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (quoting *Walker v. Bd. of Cty. Comm'rs of Sedgwick Cty.*, No. 09-1316-MLB, 2011 2790203, at *2 (D. Kan. July 14, 2011)).

When a dispositive matter is ruled upon by a magistrate judge, the court is to conduct a de novo review. Fed. R. Civ. P. 72(b)(3). Plaintiff's objection to the omission of his claim of negligence use of force and the issue relating to damages will be reviewed under this standard. The remaining objections will be reviewed under the clearly erroneous standard.

**III.   Analysis**

   **A.   Negligent Use of Force**

Magistrate Judge Severson denied Plaintiff's attempt at adding a new claim in the third draft of the pretrial order on the basis that there was undue delay, it was untimely and highly prejudicial to Defendant, and Plaintiff failed to establish good cause. Plaintiff objects to this ruling and argues that Magistrate Judge Severson utilized the incorrect legal standard and that his claim is not untimely.

Plaintiff's assertion that Magistrate Judge Severson applied an erroneous standard of law is incorrect. "After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the

Rule 15(a) standard." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). The deadline to move to amend passed on March 24, 2023. (Doc. 71 at 2.) Therefore, he must establish good cause to modify the deadline in the scheduling order in addition to satisfying Rule 15(a). Although Plaintiff objects to the standard utilized, he makes no attempt to argue that he has met the good cause standard. Essentially, Plaintiff argues that he should be allowed to amend because he has done so before the pretrial order was entered, the government misrepresented the law in prior briefing on the motion to dismiss, the Kansas Supreme Court entered an opinion in January 2024 that supports his claim, and the government is not prejudiced.

In support of his argument that he should be allowed to amend, he cites to two District of Kansas cases that allowed amendments at the pretrial stage, *Klaassen v. Univ. of Kansas Sch. of Med.*, No. 13-CV-2561-DDC-KGS, 2016 WL 7117183 (D. Kan. Dec. 7, 2016), and *Kendall State Bank v. Archway Ins. Servs., LLC*, Nos. 10-CV-2617-KHV-DJW, 11-CV-KHV-DJW, 2012 WL 5907388 (D. Kan. Nov. 26, 2012). Those cases, however, do not support Plaintiff's position. In both of those cases, the plaintiff discovered new facts just days before submitting the pretrial order. *Klaassen*, 2016 WL 7117183, *4; *Kendall*, 2012 WL 5907388, *1. Here, Plaintiff did not discover new facts days before the third draft of the pretrial order was submitted. Rather, Plaintiff has known about the facts regarding his new claim for years. The only recent turn of events here is Plaintiff's "discovery" of a decision by the Kansas Supreme Court that, according to Plaintiff, supports his claim. *See* Doc. 355-1 at 6 (citing *Unruh v. City of Wichita*, 540 P.3d 1002 (Kan. 2024)). But that decision was issued on January 5, 2024, and Plaintiff waited until the third draft of the pretrial order to attempt to revive his claim, a claim that was denied by the magistrate judge more than two years ago in an order that was never objected to. Plaintiff's argument that his delay should be excused because he just discovered the case, even though it was issued in early January,

does not amount to good cause. It is "well established" that ignorance of the law does not excuse a late filing. *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Further, any argument that the government allegedly misrepresented the law in the briefs filed more than two years ago has long been waived by Plaintiff's failure to timely raise this issue.

Further, the court finds that the amendment was unduly delayed. Under Rule 15, the court should freely give leave to amend when justice so requires. *See* Fed. R. Civ. P. 15(a)(2). "A district court should refuse leave to amend only upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010). In the Tenth Circuit, undue delay may be found "when the party filing the motion has no adequate explanation for the delay." *Frank v. U.S. West*, 3 F.3d 1357, 1365–66 (10th Cir. 1993). The Court may also deny leave to amend if the moving party "knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Id.*; *see also Cuenca v. Univ. of Kan.*, 205 F. Supp. 2d 1226, 1230 (D. Kan. 2002).

Plaintiff knew the facts concerning this claim years ago and failed to object to Magistrate Judge Gale's order denying the amendment allowing this claim. Plaintiff also failed to timely move to amend based on an alleged change in law and failed to raise this new claim in the first draft of the pretrial order. This case has been on file for almost four years after extensive delay and discovery disputes. Allowing an amendment at this stage would be highly prejudicial to the government. It would require reopening discovery on these factual issues which were not addressed and further delay a case that has already been plagued by delays. Moreover, it would reward Plaintiff's dilatory conduct in prosecuting this case. Plaintiff has sought and received more extensions of time to meet deadlines in this case than in any case the undersigned has ever seen.

If this case had proceeded with even the slightest modicum of timeliness and diligence, the case would have been tried long before the Kansas Supreme Court issued the decision on which Plaintiff relies in hopes of reviving this particular claim.

After review, the court finds that Plaintiff has failed to show good cause under Rule 16 and has acted with undue delay in waiting to raise this claim until the third draft of the pretrial order. Further, allowing amendment would result in undue prejudice to Defendant.

### B. Subject Matter Jurisdiction and Governing Laws

Next, Plaintiff objects to the ruling striking language from the section on subject matter jurisdiction. That section of the pretrial order is to identify whether this court has subject matter jurisdiction and identify the basis for the same. Currently, it states "subject-matter jurisdiction is invoked under 28 U.S.C. §§ 1331 & 1346(b)(1) and is not disputed." (Doc. 353 at 1.) In the proposed draft, Plaintiff sought to include language that the case arises "under the VA Immunity Statute, which allows a remedy against the United States under the FTCA for damages arising from medical services provided by employees of the VA under 38 U.S.C. §§ 7316(a)(1) and 7316(f)." (Doc. 373-7 at 51–52.) Plaintiff argues that by eliminating this language Defendant may assert that various acts of the employees were intentional and subject to § 2680(h)'s bar to application of the FTCA on intentional torts. Plaintiff also objects to the deletion of language indicating that Kansas substantive law applies to the underlying claims.

Plaintiff's objections lack merit. The purpose of this section is to identify the basis of this court's subject matter jurisdiction and not to identify the precise statutes or law applicable to the case. Further, Defendant is required to set forth any defenses to the claims in the section relating to claims and defenses in order to preserve its defenses.

### C. Damages

Next, Plaintiff's requested damages in the pretrial order include a section for the survival claim and a section for the wrongful death claim. Plaintiff itemized the damages for each claim, which include requests of more than $2 million for both conscious pain and suffering and mental anguish suffered by Earl and also seeking millions of dollars for Kurt's loss of past and future income and loss of parental care. (Doc. 353 at 29–33.) In defense of these damages, Defendant argues that some of them are subject to a statutory cap. Defendant also argues that Plaintiff cannot recover, in whole or in part, based on the principles of comparative fault. (*Id.* at 27.)

Defendant previously moved for partial summary judgment as to the issue of damages, arguing that judgment should be entered on claims for non-pecuniary damages in excess of the $250,000 cap imposed by Kansas law and claims exceeding the amounts identified in the administrative complaint. In response to the motion, Plaintiff amended his damages so that they were less than the amount in the administrative complaint. The court granted Defendant's motion with respect to these issues. The court held that Plaintiff could not recover damages in excess of the amount in his administrative complaint nor could he recover damages in excess of the statutory cap. However, with respect to non-pecuniary damages, the court held that Plaintiff could argue a higher number than the statutory cap but that ultimately he would not be awarded more than the statutory cap should he be successful on his claims. (Doc. 142 at 10–11.)

In the draft pretrial order, Plaintiff sought to include language to indicate that the damages amounts were "net" of any amount that was later reduced at trial. Although Plaintiff's disclosures with respect to damages also included language that the damages were "net" of any reductions made for comparative fault, neither party raised this issue in prior briefing and it was not addressed in this court's ruling on summary judgment. (*See id.*; Doc. 107-3 at 11.) Magistrate Judge Severson struck this language from the pretrial order and held that Plaintiff was to state only the

9

nature and amount of damages sustained and that the damages should not be dependent on any potential unknown reduction. (Doc. 353 at 29, n.19.) Plaintiff objects to this ruling on the basis that the undersigned previously ruled on summary judgment that he could seek damages in excess of the statutory maximum. Plaintiff also argues that the undersigned approved his disclosures with this language. Plaintiff's objections lack merit. The fact that Plaintiff may argue that he sustained damages above the statutory maximum does not mean that he may identify his damages as "net" of an unknown amount due to a potential determination of comparative fault.

Plaintiff must identify his damages in the pretrial order and cannot use language that suggests his damages are an unknown number dependent on a reduction for comparative fault. Should this matter proceed to the damages phase, Plaintiff may present evidence of his damages but he cannot be awarded an amount in excess of the amounts in the pretrial order (or allowed under Kansas law) after any reduction for comparative fault, if necessary. *See Miller v. CNH Indus. Am. LLC*, 713 F. Supp. 3d 1104, 1122 (D. Kan. 2024) (discussing that under Kansas law, "a court first reduces for comparative fault, then decides whether the damages awarded exceed those sought in the pretrial order.")

### D. Discovery Motions

Finally, Plaintiff objects to Magistrate Judge Severson's ruling on discovery motions. Plaintiff sought to include language in the pretrial order indicating that he was going to file motions pursuant to Federal Rules of Civil Procedure 26-37. His request was denied on the basis that it was untimely and discovery had ended. Plaintiff argues that this ruling was erroneous and that Magistrate Judge Severson has denied him the opportunity to file motions regarding spoilation of evidence or a failure to produce documents or electronic discovery. (Doc. 355-1 at 13.)

Under D. Kan. Rule 37.1 and 37.2, parties must take certain steps regarding discovery disputes. Notably, within 30 days of when the party first knows of the issue or should have known of the issue, the party must 1) meet and confer with opposing counsel; 2) arrange a judicial conference; and 3) file a motion if authorized. Magistrate Judge Severson ruled that Plaintiff's request to file motions was untimely because discovery closed more than one month prior to the pretrial conference. Notably, Plaintiff had not even attempted to confer with Defendant about any outstanding discovery issue. The last deposition was conducted on June 13, 2024. (Doc. 363 at 88.) Plaintiff also asserts that the last document production occurred on June 13, 2024. (*Id.* at 94.) Plaintiff sought to file motions to compel discovery based on his position that Defendant was withholding documents and because the government witness was not prepared to discuss certain designated topics. Plaintiff, however, had not met and conferred with Defendant regarding these issues within the 30 day time period required by the local rules. Plaintiff's justification was because he did not have the transcript of the deposition. (*Id.* at 90.) Magistrate Judge Severson ruled that his request to file motions was untimely.

In his objection, Plaintiff argues that the ruling was erroneous because he did not have the transcript and because Defendant's obligation to produce discovery is ongoing. Plaintiff's objection lacks merit. Plaintiff knew of the alleged discovery deficits at the time of the deposition and he could have complied with the rule by meeting and conferring with Defendant and then asking for an extension of time to file a motion if he believed the transcript was necessary. Plaintiff did not do so and he wholly failed to inform Defendant of these discovery disputes even though he was aware of his belief that Defendant was not in compliance with discovery requests. Plaintiff has failed to show that Magistrate Judge Severson's ruling that his request was untimely was

erroneous or contrary to law.  Plaintiff's remaining argument that the magistrate judge did not have authority to strike the motions lacks merit.

**IV.     Conclusion**

Plaintiff's motion to review the pretrial order (Doc. 355) and reverse certain rulings of Magistrate Judge Severson is DENIED.

IT IS SO ORDERED.  Dated this 21st day of October 2024.

                                                                          _s/ John W. Broomes_
                                                                          JOHN W. BROOMES
                                                                          UNITED STATES DISTRICT JUDGE