IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KURT CHADWELL, Individually and as a Personal
Representative of the Estate of Decedent E.E. Chadwell,

    Plaintiff,

v.                                                                   Case No.  20-1372-JWB

UNITED STATES OF AMERICA,

    Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's motion to dismiss for lack of subject matter jurisdiction.  (Doc. 406.)  The motion has been fully briefed and is ripe for decision.  (Docs. 416, 418.)  For the reasons provided herein, Defendant's motion is GRANTED IN PART and TAKEN UNDER ADVISEMENT IN PART.

    **I.**    **Facts and Procedural History**

This is a medical negligence action against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346.  Following a stroke in the second half of 2013, Earl Chadwell ("Earl" or "the decedent") sought treatment at the VA Medical Center ("VAMC") in Wichita, Kansas.  Earl had two sons, Plaintiff Kurt Chadwell and Mark Chadwell.  Earl died on August 17, 2014.  Plaintiff is the sole administrator of the estate of the decedent; he is also the sole heir and beneficiary of the estate after Mark disclaimed his interest in the estate.  (Docs. 74 at 3; 107 at 2.)

On February 10, 2016, Plaintiff and Mark Chadwell submitted an administrative claim seeking $10 million in damages to the Veterans Administration ("VA") utilizing Standard Form-95 ("SF-95").  (Doc. 406-6.)  In that claim, Plaintiff alleged that VAMC employees were negligent

1

in providing medical care to Earl during his time at the VAMC which began on November 27, 2013. Plaintiff's claim referenced Earl's fall on February 11, 2014, which Plaintiff believes led to Earl's death. The fall caused Earl to break his hip and also led to other medical conditions. On or about July 6, 2017[1], the VA denied the claim. (Doc. 406-7.)[2] In that denial, the VA stated that if Plaintiff and Mark Chadwell were dissatisfied, they could either file a request for reconsideration or file a suit under the FTCA. Both of those actions had a six-month deadline from the time of the mailing of the denial. (*Id.*) If Plaintiff decided to seek reconsideration, Plaintiff also had the right to file an FTCA action in court if the VA did not respond to that request within six months of the reconsideration request. (*Id.* at 1.) Notably, the letter also included the following language: "Please note that FTCA claims are governed by a combination of federal and state laws. Some state laws may limit or bar a claim or lawsuit." (*Id.* at 2.) Instead of filing a lawsuit, Plaintiff and Mark Chadwell elected to file a request for reconsideration on January 10, 2018. (Doc. 406-8.) On July 1, 2020, the VA again denied the claim. (Doc. 406-9.) The VA again advised that Plaintiff had six months to file suit and that FTCA claims are governed by both federal and state laws which may limit or bar his claim.

On December 31, 2020, Plaintiff filed a complaint against Defendant asserting a survival claim under K.S.A. 60-1801 on behalf of the estate and a wrongful death claim under K.S.A. 60-1901 on his behalf as an heir. (Doc. 1.) A pretrial order was entered on July 29, 2024. (Doc. 353.)

---

[1] Although dated July 6, Plaintiff asserts that the denial was not mailed until July 10, 2017. The date of mailing is not dispositive for the purpose of this motion. (Doc. 414 at 1.)
[2] Plaintiff objects to the court's consideration of the VA's denial letter on the basis that it was not authenticated and is outside of the pleadings. While Plaintiff's amended complaint included his initial claim and his request for reconsideration, he did not include the denial letters. *See* Doc. 54-1. On a motion to dismiss for lack of subject matter jurisdiction, the court can consider matters outside the pleadings without converting the motion to one for summary judgment. *Smith v. Blue Dot Servs. Co.*, 283 F. Supp. 2d 1200, 1204 (D. Kan. 2003). Further, Plaintiff's amended complaint and the exhibits submitted in support thereof reference the denials. *See* Doc. 54 and Exh. 1. Therefore, the court can consider the denials without converting the motion. Although Plaintiff objects on the basis that Defendant did not authenticate the denials, Plaintiff does not seriously dispute that the denials were the same denials that he received.

In the pretrial order, Plaintiff alleges that VAMC employees were negligent by providing inadequate medical care to Earl, failing to prevent his fall that occurred on February 11, 2014, and failing to implement aspiration prevention interventions. Plaintiff includes a significant number of alleged breaches that all surround the medical treatment Earl received or failed to receive at the VAMC. Plaintiff seeks a significant amount of damages on the claims. For the survival claim, Plaintiff seeks damages for the estate due to Earl's pain and suffering after his injuries from February 11, 2014, to his death on August 17, 2014. (*Id.* at 29.) For the wrongful death claim, Plaintiff seeks damages for him and Mark. The damages sought in this case are approximately $10 million. This case has been heavily litigated over the past four and a half years and is currently set for trial on May 5, 2025. Defendant United States now moves for dismissal on the basis that this court lacks subject matter jurisdiction over this matter. Plaintiff objects and asserts that this court has subject matter jurisdiction.[3]

## II.   Analysis

Defendant United States cannot be sued without its consent. *Iowa Tribe Of Kansas & Nebraska v. Salazar*, 607 F.3d 1225, 1232 (10th Cir. 2010). This court "lacks subject matter jurisdiction over a claim against the United States for which sovereign immunity has not been waived." *Id.* Plaintiff brought both the survival claim and wrongful death claim pursuant to the

---

[3] Plaintiff's brief includes several objections to the court's consideration of the motion which will be addressed here. Plaintiff asserts that the court's shortening of the response deadline by one week was inappropriate. This objection is overruled. Because trial is shortly approaching, the court granted Defendant's motion to accelerate the briefing schedule. *See* Fed. R. Civ. P. 1. Plaintiff also objects to the consideration of the motion as one to dismiss instead of for summary judgment on the basis that he is limited to filing a 15-page brief. This objections lacks merit as the motion is properly one under Rule 12(b)(1) instead of Rule 56. Further, under this court's rules, Plaintiff could have sought leave to exceed the page limitation. D. Kan. 7.1(d). Plaintiff also requests that the court allow discovery on the issues raised in this motion. (Doc. 414 at 3, n. 8; 12, n. 34.) Plaintiff's request for discovery only identifies one basis – to obtain the employment records of all of the VAMC employees. Based on the ruling herein, the court finds that the requested discovery would not be relevant to the issue on subject matter jurisdiction because the VAMC is a health care provider under Kansas law. Finally, Plaintiff requests oral argument on the motion. The court declines the request for oral argument but has provided for a limited evidentiary hearing at the start of the trial as set forth herein.

limited waiver in the FTCA.  That law provides that sovereign immunity is waived for certain state law tort claims against the United States.  *See* 28 U.S.C. § 1346(b)(1); *Garling v. United States Env't Prot. Agency*, 849 F.3d 1289, 1294 (10th Cir. 2017).  Central to the question here, the United States has waived its sovereign immunity for injuries caused by the "negligent or wrongful act or omission" of a federal government employee while that employee is "acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b).

Defendant argues in its motion that the court lacks subject matter jurisdiction over this matter because a private person would not be liable to Plaintiff under Kansas law which governs Plaintiff's claims.  *Garling,* 849 F.3d at 1294 ("State substantive law applies to suits brought against the United States under the FTCA.").  Specifically, Defendant asserts that Plaintiff's claims are barred by Kansas' statute of repose, K.S.A. § 60-513(c).

Under the FTCA, a plaintiff must administratively exhaust his claim prior to bringing suit by presenting his claim to the appropriate federal agency.  28 U.S.C. § 2675(a).  If the agency fails to make a final disposition of the claim in six months, the plaintiff may file an action at that time. *Id.*  Further, negligence claims must be presented to the agency within two years after the claim accrues.  28 U.S.C. § 2401.  This provision is the statute of limitations for FTCA claims.  Because the FTCA has its own statute of limitations, Kansas's statute of limitations is inapplicable to Plaintiff's claims.  *See In re Franklin Sav. Corp.*, 385 F.3d 1279, 1288 (10th Cir. 2004).

Under Kansas law, a plaintiff may bring a medical negligence action within two years of the time of occurrence unless the fact of injury is not "reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury becomes

4

reasonably ascertainable to the injured party." K.S.A. § 60-513(a)(7), (c). However, the statute further states that "in no event shall such an action be commenced more than four years beyond the time of the act giving rise to the cause of action." *Id*. § 60-513(c). This four-year limitation is referred to as a statute of repose and it is substantive law. *Bonin v. Vannaman*, 929 P.2d 754, 761 (D. Kan. 1996) (citing *Harding v. K.C. Wall Products, Inc.*, 250 Kan. 655, 668, 831 P.2d 958 (1992)).

Defendant asserts that this action is barred by Kansas' statute of repose because it was filed more than four years after the act giving rise to the cause of action. Plaintiff filed this action on December 31, 2020, which is more than four years after the alleged negligence occurred. Plaintiff makes several arguments in response. Plaintiff argues that the survival action is governed by a different statute of repose, K.S.A. § 60-515, because the decedent was under a legal disability at the time the cause of action accrued. The statute of repose under § 60-515 is eight years and, therefore, the action would not be barred. Plaintiff also argues that the wrongful death claim is not barred by the statute of repose as to some aspects of the negligence claim because not all alleged negligence was committed by health care providers. Finally, Plaintiff asserts that the statute of repose is preempted by the FTCA such that it was tolled during the pendency of his administrative claim. The court will address Plaintiff's arguments in turn.

A. K.S.A. § 60-515

With respect to the survival claim, Plaintiff argues that the statute of repose contained in § 60-515 applies because the decedent was incapacitated at the time the cause of action accrued. That statute provides as follows:

> (a) Except as provided in K.S.A. 60-523, if any person entitled to bring an action, other than for the recovery of real property or a penalty or a forfeiture, at the time the cause of action accrued or at any time during the period the statute of limitations is running, is less than 18 years of age, an incapacitated person or imprisoned for a

5

> term less than such person's natural life, such person shall be entitled to bring such action within one year after the person's disability is removed, except that no such action shall be commenced by or on behalf of any person under the disability more than eight years after the time of the act giving rise to the cause of action.
>
> Notwithstanding the foregoing provision, if a person imprisoned for any term has access to the court for purposes of bringing an action, such person shall not be deemed to be under legal disability.
>
> (b) Death of person under disability. If any person entitled to bring an action dies during the continuance of any disability specified in subsection (a) and no determination is made of the cause of action accrued to the deceased, any person entitled to claim from, by or under the deceased, may commence such action within one year after the deceased's death[4], but in no event shall any such action be commenced more than eight years beyond the time of the act giving rise to the cause of action.

K.S.A. § 60-515.

The term "incapacitated person" is defined under Kansas law as an "individual whose ability to receive and evaluate relevant information, or to effectively communicate decisions, or both, even with the use of assistive technologies or other supports, is impaired to the degree that the person lacks the capacity to manage the person's estate, or to meet essential needs for the person's physical health, safety or welfare, as defined in K.S.A. 59-3051, and amendments thereto, whether or not a guardian or a conservator has been appointed for that person." K.S.A. § 77-201, *Thirty-first*. The Kansas Supreme Court has held that "K.S.A. 60–515 creates an alternative, but specific, limitations period for persons under a legal disability." *Biritz v. Williams*, 262 Kan. 769, 774, 942 P.2d 25, 29 (1997). This statute is unambiguous and applies to any disability for a claim that accrues any time the statute of limitations was running. *Id.* Here, it appears that the parties do not dispute that the survival claim accrued while the decedent was alive. For example, the statute of limitations began to run at the time of the decedent's fall or the juice incident because

---

[4] This one-year statute of limitations to bring a claim after death of the person under a legal disability is inapplicable to the survival claim because the FTCA has its own statute of limitations as discussed *supra*.

the negligence, i.e. leaving him alone in the bathroom or failure to give him the proper liquids, was reasonably ascertainable at that time. This alternative statute "applies to all incapacitated persons irrespective of their cause (and length) of the disability." *See Storts v. Hardee's Food Sys., Inc.*, 210 F.3d 390, 2000 WL 358381 (10th Cir. 2000) (discussing that the Kansas Supreme Court has applied this statute even when the individual was only incapacitated for forty-eight hours).

Plaintiff argues that the facts set forth in the pretrial order and amended complaint show that the decedent was incapacitated while he was at VAMC. (Doc. 414 at 7.) In response, Defendant argues that Plaintiff has not met his burden to show that the decedent was incapacitated because the pleadings do not allege an incapacity under Kansas law nor has Plaintiff filed an affidavit or evidence from a medical professional that the decedent was incapacitated. (Doc. 418 at 4.) The court views the present motion as a factual attack as to subject matter jurisdiction. As noted previously, the court may receive evidence on a factual attack to subject matter jurisdiction without converting the motion to one for summary judgment. *See Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001). The court may also hold an evidentiary hearing. *Id.* Given the allegations in the pretrial order of Earl's numerous conditions and clear limitations, Plaintiff could show that Earl was incapacitated at some point prior to his death as that term is defined under Kansas law. If so, the longer statute of repose would apply to the survival claim. *Storts*, 2000 WL 358381, *3. The court finds it appropriate to conduct a limited hearing at the start of trial as to whether Earl was incapacitated during his time at the VAMC. After hearing evidence on this matter, the trial will proceed. Alternatively, the parties may stipulate to incapacitation if the medical records show that Earl was incapacitated at some point during his hospitalization.

Defendant also asserts that several allegations of negligence were not raised in the administrative complaint and, therefore, Plaintiff has failed to exhaust those allegations of negligence as to the survival claim. (Doc. 406 at 15.) Defendant raised the defense of failure to exhaust in the pretrial order. (Doc. 353 at 27.) The court declines to consider this argument at this time and the parties can present evidence and argument on this issue during trial.

B.      K.S.A. § 60-513(c)

With respect to the wrongful death claim, Plaintiff argues that this claim does not fall under the four-year statute of repose in § 60-513(c) because some acts of the alleged negligence occurred at the hands of individuals who were not health care providers. Plaintiff does not clearly articulate the applicable statute of repose for his claim if § 60-513(c) does not apply. Under K.S.A. § 60-513(b), the statute of repose for wrongful death actions that do not arise from medical negligence is ten years. Therefore, presumably, Plaintiff is suggesting that this is the applicable statute for some, but not all, allegations of negligence while the decedent was at the VAMC. Plaintiff does not argue that § 60-515 is the applicable statute for the wrongful death claim but the court takes time to address this issue, nonetheless.

Under Kansas law, an action for wrongful death is to be commenced by any one of the heirs at law of the decedent. K.S.A. § 60-1902. Therefore, Plaintiff, as the sole heir of the decedent, may commence this wrongful death suit against Defendant. Turning back to § 60-515, it provides that time periods are tolled for certain individuals, namely those under a legal disability. The statute is clear that the time is tolled if the "person entitled to bring an action" is under a disability. *Id.* Clearly, Plaintiff does not assert that *he* was under a disability at the time the cause of action accrued. Therefore, the longer statute of repose in § 60-515 is not applicable to the wrongful death claim. *See Brubaker v. Cavanaugh*, 542 F. Supp. 944, 947 (D. Kan. 1982), *aff'd*,

741 F.2d 318 (10th Cir. 1984) (discussing that the wrongful death claim brought by the minor children of the decedent would be subject to the eight-year statute of repose); *see also Bonin,* 261 Kan. at 213 (discussing the statutes of repose at issue here). In the event that § 60-513(c) does not apply, than the applicable statute of repose is ten years. K.S.A. § 60-513(b).

Plaintiff's position here is that § 60-513(c) is not applicable to all allegations of negligence because not all individuals employed at the VAMC were health care providers. Under 60-513(c), a "cause of action arising out of the rendering of or the failure to render professional services by a health care provider" is subject to the four-year statute of repose. Therefore, the question before the court is whether Plaintiff's cause of action for wrongful death against the United States arose out of the rendering of or the failure to render professional services by a health care provider. Health care provider is defined under Kansas law to mean "a person licensed to practice any branch of the healing arts" and also a "licensed medical care facility." K.S.A. § 60-513d. Plaintiff argues that certain individuals who were negligent were not licensed medical providers so therefore the four-year statute is inapplicable. Plaintiff is essentially parsing out his wrongful death claim into separate negligent actions based on the employee who took action or failed to take action during Earl's stay as a patient at the VAMC. The court, however, is to determine whether the entire claim arose out of the provision of or a failure to provide medical care from a health care provider. After review of Plaintiff's characterization of his claim and the causation evidence in support, the court finds that the wrongful death claim does arise out of the rendering of or the failure to provide medical care by a health care provider. K.S.A. § 60-513(c).

According to the pretrial order, the decedent was a patient at the VAMC, which is a licensed medical care facility. *See Doe v. United States*, No. 17-2182, 2017 WL 4516840, at *2 (D. Kan. Oct. 10, 2017) (finding that the VAMC is a health care provider under §§ 60-513(c) and 513d).

Moreover, Earl received care from numerous health care providers, i.e., doctors and nurses, during his inpatient stay that were employed by Defendant. Further, Plaintiff's claims in the pretrial order affirmatively state that the "negligent acts and/or omissions were committed while Dole VAMC employees were on-the-clock, on the Defendant's premises, using the Defendant's equipment, while representing himself or herself as the Defendant's employee; *were occasioned by Earl Chadwell seeking medical care; were performed amidst and in the context of the provision of medical services* . . . ." (Doc. 353 at 25–26.) Plaintiff further claims that the VAMC knew that its employees provided inadequate medical care with respect to the decedent on February 11 (the date of the fall) and then subsequent to that date. (*Id.* at 26.) Plaintiff's expert on death causation will offer opinions that the negligence contributing to the death of Earl all involved the medical care provided by health care professionals or the failure of medical providers to ensure that the VAMC staff were taking certain actions. (*See* Doc. 365-2 at 8–9.) Notably, his opinions are that the nursing staff, including Michael Kintz, RN, and Dr. Jozef Zelenak breached the standard of care in several ways while providing medical care or failing to provide medical care to the decedent. (*Id.*) These breaches allegedly caused or contributed to cause Earl's fall, injuries, and death. (*Id.* at 9.) Therefore, the court finds that the appropriate statute of repose for the wrongful death claim is § 60-513(c) because it arises out of rendering of or failure to render professional services by a provider. The mere fact that some of the VAMC employees who might have committed negligent acts were not themselves healthcare providers does not negate the conclusion that the cause of action for wrongful death arose from the "rendering of or the failure to render professional services by a healthcare provider." K.S.A. § 60-513(c). Next, the court considers whether the FTCA preempts the application of the statute of repose in this matter.

    **C.**    **Preemption**

10

Because Plaintiff filed this action more than four years after Earl's death, it is barred by § 60-513(c) unless it is preempted by the FTCA.

Preemption may occur in three situations: (1) express preemption; (2) field preemption; and (3) conflict preemption. *Mount Olivet Cemetery Ass'n v. Salt Lake City*, 164 F.3d 480, 486 (10th Cir. 1998). Plaintiff does not assert that express or field preemption apply here. Conflict preemption exists where (1) "compliance with both the federal and state laws is a physical impossibility" or (2) the state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Id*. at 488. It was not a physical impossibility to comply with both statutes here; therefore, the only basis for preemption is that the state law is an obstacle to the objectives of Congress.

Plaintiff argues that the FTCA preempts the statute of repose because the purpose behind the FTCA's administrative procedure requirement is "to give the agency notice of the claim, an opportunity to investigate, and a chance to settle the claim prior to litigation." (Doc. 414 at 13) (quoting *Lopez v. United States*, 823 F.3d 970, 977 (10th Cir. 2016)). Plaintiff argues that applying the statute of repose to his claim would be contrary to Congress's intent in adopting the administrative procedure.

The Tenth Circuit has yet to address this issue. However, this court recently addressed this issue in *Zeiner v. United States*, No. 24-1131-JWB, 2025 WL 859808 (D. Kan. Mar. 19, 2025), which is currently pending appeal in the Tenth Circuit. In that matter, the plaintiff timely filed her administrative claim with the agency under the FTCA; however, the administrative claim was filed more than four years after the alleged negligence occurred. The court was persuaded by courts that have reasoned that the FTCA does not preempt a state's statute of repose and held that the plaintiff's case was barred by the statute of repose. *Id.* Essentially, the United States had not

waived its sovereign immunity because a private individual could not have been liable for the plaintiff's claims because they expired before the plaintiff filed her claim with the agency.  This case is factually different from *Zeiner* in that Plaintiff filed his claim with the agency before four years had passed after Earl's death.  Plaintiff thus argues that the facts in this circumstance should result in the court finding that there is a conflict between the FTCA and Kansas' statute of repose.  Basically, the purpose of the FTCA is for the agency to investigate and settle the claim before it can be filed in court and this purpose is thwarted if the timing is not tolled while the agency is investigating the claim.

"Statutes of repose effect a legislative judgment that a defendant should be free from liability after a legislatively determined amount of time and are measured from the date of the defendant's last culpable act or omission." *CTS Corp. v. Waldburger*, 573 U.S. 1, 9 (2014).  "Thus, a statute of repose can prohibit a cause of action from coming into existence." *Id.* at 16.  As discussed, the FTCA's administrative procedure requirement is "to give the agency notice of the claim, an opportunity to investigate, and a chance to settle the claim prior to litigation." *Lopez*, 823 F.3d at 977.

As the court held in *Zeiner*, there is no conflict here with the purposes behind the FTCA and Kansas' statue of repose.  2025 WL 859808, * 4.  Because the date of death was August 17, 2014, Plaintiff had until August 17, 2018 to file his action in this court.  As is clear from the record, Plaintiff received a denial of his claim from the VA on July 10, 2017, at the latest, which was well over one year before the statute of repose deadline.  Therefore, the purpose of the FTCA administrative claim procedure was accomplished well before the deadline under Kansas law to bring his claim.  Moreover, the denial letter explicitly warned Plaintiff that there could be potential time limitations that would extinguish his claim.

A factual scenario similar to this one arose in *Augutis v. United States*, 732 F.3d 749, 754 (7th Cir. 2013). In that case, the Seventh Circuit held that the state statute of repose barred the plaintiff's claim. Although the plaintiff timely filed his administrative claim, he waited for a decision from the agency and then also filed a timely request for reconsideration with the agency. By the time he filed his complaint in federal court, more than five years had passed. The Seventh Circuit held that the FTCA did not preempt the state statute of repose. Notably, the plaintiff could have complied with both statutes because the FTCA provides that a plaintiff may file suit six months after filing an administrative claim. *Id.* at 754 (citing 28 U.S.C. § 2675(a)).

Here, Plaintiff could have timely filed his claim six months after he filed his administrative claim or even after he received his denial. Plaintiff, however, chose to "continue pursuing his administrative claim, [allowing] the statute of repose's four-year clock to expire, extinguishing his nascent federal claim. That result was unfortunate—and [Plaintiff] may understandably feel frustrated with the pace of the administrative claims process—but that cannot cause us to expand the FTCA's limited waiver of sovereign immunity." *Id*. at 754.

Plaintiff argues that this court should not apply the holdings in *Zeiner* and *Augutis* and argues that it should apply the holdings from cases in this district which have found that the statute of repose is preempted by the FTCA and the administrative claim period is tolled as long as a plaintiff files a claim before the four year deadline. (Doc. 414 at 15) (citing *Doe BF v. United States*, No. 17-2088, 2017 WL 4355577 (D. Kan. Oct. 2, 2017). *Doe BF* and the decisions holding the same all involved similar negligent conduct by one physician assistant and were decided by the same district judge. *Id.* at *1. The court in *Doe BF* held that a statute of repose is tolled during "the mandated use of the administrative process" but only "for any claims not already barred before plaintiff began the administrative process." *Id.* *3. At first blush, this holding seems to support

13

Plaintiff's argument. However, the court went further and stated that this tolling rule applies "when the mandated use of the administrative process would otherwise cause a claim to be barred by the statute of repose. . . ." *Id.* In this case, the mandated use of the FTCA process would not otherwise cause Plaintiff's claim to be barred because Plaintiff could have complied with both statutes. Therefore, the holding in *Doe BF* and its related cases is not applicable here and not persuasive for the reasons discussed herein.

Plaintiff also cites to *Tuck v. United States*, No. 21-CV-02889-NYW, 2022 WL 833367 (D. Colo. Mar. 21, 2022) in support of his position. The court is not persuaded with the reasoning in that opinion. The court in *Tuck* reasoned that Colorado's statute of repose was preempted by the FTCA because it "reduces or interferes with the FTCA's timing and administrative provisions." *Id.* at *9. However, as set forth above, the court does not find a true conflict between the two statutes here given that Plaintiff could have complied with both statutes.

Further, the circuit courts that have addressed this question have held that the FTCA does not preempt state statutes of repose. *See Augutis*, 732 F.3d at 754; *Bennett v. United States*, 44 F.4th 929, 938 (9th Cir. 2022); *Huddleston v. United States*, 485 F. App'x 744, 746 (6th Cir. 2012); *Jones v. United States*, No. 22-13381, 2024 WL 837054, at *4 (11th Cir. Feb. 28, 2024). In *Bennett*, the Ninth Circuit noted that a plaintiff could raise a policy concern if the claim accrued shortly before the expiration of the statute of repose but that was not at issue in *Bennett*. 44 F.4th at 938, n.9. That is not at issue here either as Plaintiff's claim accrued at the time of Earl's death.

Moreover, the court is to strictly construe the government's waiver of sovereign immunity in favor of the government. *Ohlsen v. United States*, 998 F.3d 1143, 1154 (10th Cir. 2021). If the court determined that the FTCA's exhaustion requirement preempted Kansas' statute of repose in this case, that finding would be in direct opposition to the FTCA's requirement that the United

14

States' immunity only be waived in circumstances in which private individuals would be liable. *See Augutis,* 732 F.3d at 755. Therefore, the court finds that the statute of repose is not preempted by the FTCA. As such, Plaintiff's wrongful death claim is subject to dismissal for lack of subject matter jurisdiction. The United States has not waived its sovereign immunity for claims that a private person would not be liable for. This is such a case with respect to the wrongful death claim.

### III.   Conclusion

Defendant's motion to dismiss for lack of jurisdiction (Doc. 406) is GRANTED IN PART and TAKEN UNDER ADVISEMENT IN PART. Plaintiff's wrongful death claim against Defendant is dismissed for lack of subject matter jurisdiction. The Estate's survival claim will proceed to trial on May 5, 2025, and the court will take up the issue of whether the decedent was under a legal disability under K.S.A. § 60-515(a). Further, because the only remaining claim is the survival claim and those damages are limited to damages suffered by the decedent, the trial of this matter is no longer bifurcated for a liability phase and damages phase.

IT IS SO ORDERED. Dated this 21st day of April 2025.

  s/ John W. Broomes  
JOHN W. BROOMES  
UNITED STATES DISTRICT JUDGE
