IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KURT CHADWELL, Individually and as a Personal
Representative of the Estate of Decedent E.E. Chadwell,

Plaintiff,

v. Case No. 20-1372-JWB

UNITED STATES OF AMERICA,

Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's motions to amend or make additional findings (Doc. 485), for a new trial (Doc. 486), and to strike Defendant's response brief (Doc. 493). The motions have been fully briefed and are ripe for decision. (Docs. 488, 489, 497, 504, 505.) The motions are DENIED for the reasons stated herein.

## I. Facts and Procedural History

The facts surrounding this matter were set forth in this court's prior memorandum decision issued on March 24, 2026. (Doc. 483.) This is a medical negligence action against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1). Following a stroke in the second half of 2013, Earl Chadwell ("Earl" or the "Decedent") sought treatment at the Robert J. Dole Department of Veterans Affairs Medical and Regional Office Center ("VAMC") in Wichita, Kansas. Earl's condition deteriorated after he broke his hip from a fall when he was unsupervised on the toilet in his room on February 11, 2014. Earl died on August 17, 2014. Earl had two sons, Plaintiff Kurt Chadwell ("Plaintiff" or "Kurt") and Mark Chadwell ("Mark"). Plaintiff is the sole administrator and the sole heir of the estate of the Decedent. Plaintiff filed an administrative claim with the Department of Veterans Affairs ("VA").

On December 31, 2020, Plaintiff filed a complaint against Defendant United States of America asserting a survival claim under K.S.A. § 60-1801 on behalf of the estate and a wrongful death claim under K.S.A. § 60-1901 on his behalf as an heir. (Doc. 1.) On April 21, 2025, the court dismissed the wrongful death claim for lack of jurisdiction. (Doc. 425.) The court presided over a bench trial from May 6–15, 2025, and took the matter under advisement. Both parties sought extensions for filing post-trial submissions. Ultimately, the parties filed their proposed findings of fact and conclusions of law in December 2025 and filed responses in February 2026. In issuing a decision on this matter in March 2026, the court thoroughly considered the evidence and arguments presented at trial, the parties' post-trial submissions, the transcripts and deposition designations, and the relevant law. The court then made findings of fact and conclusions of law as required by Rule 52(a) of the Federal Rules of Civil Procedure.

Highly summarized, the court found Defendant negligent in Earl's care. The court found Defendant had a duty to ensure that staff at the Transitional Living Center ("TLC") at the VAMC assisted Earl with toileting. This included having a staff member assist Earl to the toilet and remain with him while he was toileting. This duty was breached on February 11 when an unknown staff member assisted Earl to the toilet but then left him unsupervised. Earl fell from the toilet and suffered a fractured hip which required surgery. As a result, Earl suffered pain and loss of mobility. The court found that the breach of duty was the proximate cause for Earl's injuries and that it was more likely than not that his fall would have been prevented if the TLC staff member remained in the bathroom while Earl was toileting. (Doc. 483 at 15.) The court found damages in the amount of $60,000 and entered judgment for Plaintiff. (Doc. 484.)

Plaintiff now moves the court to amend or make additional findings and moves for a new trial or to alter judgment. Defendant opposes the motions. Plaintiff also seeks to strike Defendant's response to the motion to amend on the basis that it is untimely.

## II. Standard

Under Federal Rule of Civil Procedure 52(b), a party may move the court to amend its findings or make additional findings and amend the judgment accordingly. "A motion made pursuant to Rule 52(b) will only be granted when the moving party can show either manifest errors of law or fact, or newly discovered evidence; it is not an opportunity for parties to relitigate old issues or to advance new theories." *Brecek & Young Advisors, Inc. v. Lloyds of London Syndicate 2003*, No. 09-2516-JAR, 2016 WL 3671219, at *1 (D. Kan. July 11, 2016) (quoting *Myers v. Dolgencorp, Inc.*, No. 04-4137-JAR, 2006 WL 839458, at *1 (D. Kan. Mar. 25, 2006)), *aff'd*, 688 F. App'x 523 (10th Cir. 2017). Further, a motion should not be granted when the "proposed additional findings of fact are not material to the district court's conclusions." *Lyons v. Jefferson Bank & Tr.*, 793 F. Supp. 989, 990–91 (D. Colo. 1992).

Under Fed. R. Civ. P. 59(a)(1)(B), a court may grant a new trial on all or some of the issues of a party "after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." "Such a motion is 'generally not regarded with favor, and is granted only with great caution.'" *Smith v. Cochran*, 182 F. App'x 854, 864 (10th Cir. 2006) (quoting *United States v. Perea,* 458 F.2d 535, 536 (10th Cir. 1972)). Rule 59(e) motions may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019). It may not be used to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Id.*

## III. Analysis

### A. Motion to Strike

Plaintiff moves to strike Defendant's response to Plaintiff's motion to amend or make additional findings of fact on the basis that it is untimely. Defendant's response to the motion was filed 21 days after the motion was filed. Plaintiff asserts that the deadline for the response was 14 days under this court's local rules. In response to the motion to strike, Defendant argues that the response is not untimely and, in any event, Plaintiff has not been prejudiced by the late response. The court agrees with Defendant.

Pursuant to D. Kan. R. 6.1(d), responses to dispositive motions are due 21 days after the filing of the motions. For all other motions, the responses are due 14 days after the motion was filed. With respect to Plaintiff's motion for the court to amend or make additional findings under Rule 52(b), Plaintiff argues that the deadline should be 14 days. Plaintiff's motion, however, was docketed by the court as a motion to alter judgment. (*See* Doc. 485.) Plaintiff argues that the clerk's office characterization of his motion should not control the deadlines. (Doc. 504.) The clerk's office, however, is tasked with reviewing motions filed by pro se parties to determine how to accurately file documents in the court's docketing system and to notify the parties. Because Plaintiff's motion was docketed as a motion to alter judgment, the response was due 21 days after the motion was filed. Further, although Plaintiff is adamant that his motion does not fall into the category of dispositive motions, it clearly seeks relief that is provided in the form of a motion to alter or amend judgment. Plaintiff's motion repeatedly argues that this court ignored, misapplied, and failed to acknowledge Kansas law. (Doc. 485 at 12, 13, 14.) Therefore, the motion is properly construed as a Rule 59(e) motion. *See Commonwealth Prop. Advocs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1200 (10th Cir. 2011); *see also Nelson*, 921 F.3d at 928

(holding that a "motion constitutes a Rule 59(e) motion if it requests a substantive change in the district court's judgment or otherwise questions its substantive correctness."). Moreover and significantly, Plaintiff's own Rule 59 motion (Doc. 486) states that the Rule 52(b) motion is "interrelated" with his Rule 59 motion and that they should be "construed" together by the court. (Doc. 486 at 1–2.)

In any event, even if the response were untimely, the court would not strike it. The response brief is a whopping three pages, if the signature page is included. (Doc. 488.) Further, the record reflects a never-ending barrage of motions to continue filed by Plaintiff throughout the case. Plaintiff even sought multiple extensions of time to file his reply brief. There is simply no basis to strike Defendant's response brief on the basis that it was untimely by one week.

**B. Motion to Amend and Motion for a New Trial or to Alter Judgment**

Although filed as two separate motions, one to amend the findings of fact and one for a new trial and to amend the judgment, Plaintiff asks the court to consider the motions together. (Doc. 486 at 1–2.) The court will do so, addressing Plaintiff's arguments in turn.[1]

**1. Modification of the Pretrial Order**

Plaintiff first objects to the court's ruling which revoked the prior order bifurcating the trial into two phases. On July 11, 2023, the court entered an order on Defendant's motion for partial summary judgment on damages. (Doc. 142.) In the motion, Defendant argued that any claim for damages by Plaintiff's brother, Mark, as to the wrongful death claim must be dismissed because

[1] Plaintiff says much about the court's findings and conclusions of law. To the extent that the court does not specifically address every argument raised by Plaintiff in this order, the court has determined that Plaintiff's arguments were already raised in prior briefing and the court declines to reconsider them as they are not appropriate on a Rule 59(e) motion. To the extent that the court does not address every fact Plaintiff seeks to add or amend from this court's memorandum decision, the court finds that such fact was not material to the decision or was not supported by the evidence as the court construed it. As noted in the court's prior decision, this court reviewed all the evidence and made findings of fact in the record. The findings in the record were material to this court's ultimate conclusions of law. The court simply cannot include every credible fact in its decision even if Plaintiff thinks that the fact is uncontroverted in the record. The transcript in this matter spanned over 2200 pages.

he was not an heir to the estate and Plaintiff could not represent Mark as Plaintiff was proceeding pro se. Ultimately, the court determined that the proper procedure was to bifurcate the proceedings into a liability phase and a damages phase due to the issue surrounding Mark's ability to potentially share in the damages award on the wrongful death claim under Kansas law. That procedure was also included in the pretrial order. (Doc. 353 at 35.)

Prior to trial, however, the court granted Defendant summary judgment on Plaintiff's wrongful death claim. (Doc. 425.) As a result, the only remaining claim at issue was the survival claim and Earl's damages. That obviated any need to resolve the issue of sharing damages between Kurt and Mark and the related issue of representation; thus, there was no need to bifurcate the trial. The court therefore ordered one trial on all issues.

Plaintiff objects to the court's ruling requiring him to put on liability and damages evidence in one proceeding. He argues that the ruling blindsided him, violated his due process rights, and caused deficiencies in his performance. (Doc. 486 at 3–4.) Plaintiff, however, fails to articulate how exactly the court's ruling prejudiced him at trial. Plaintiff put on evidence of Earl's damages and also set forth numerous findings of fact related to damages based on Plaintiff's interpretation of the record. The court also admitted numerous medical records and even allowed Plaintiff to submit hundreds (if not thousands) of pages of records that were not used during trial, over the objection of Defendant. Plaintiff engaged in extensive discovery related to Earl's care and his damages while at the VAMC. Plaintiff's arguments in his motion are entirely conclusory and fail to cite any evidence that the two-week period between the ruling and trial was insufficient because Plaintiff did not have evidence of Earl's damages.

Plaintiff has failed to show any error in the court's decision combining both phases of trial.

**2. Billing Records**

Plaintiff asks the court to reconsider its decision to amend the pretrial order and add a claim for damages based on medical expenses. This request is untimely. Plaintiff fails to articulate a basis for the court to reconsider this ruling. (Doc. 486 at 5.) Plaintiff also makes several arguments that the billing records support his claims because they show treatments Earl received, document the medical history after his fall, and are "probative of the causal relationship between the left hip fracture and Earl's subsequent aspiration pneumonia(s)." (*Id.* at 4.) Plaintiff's arguments are not persuasive. Plaintiff fails to articulate any error in this court's evidentiary rulings in that he has not even pointed to a specific record showing that it supported some claim or fact that the court determined was not supported. Plaintiff put on extensive evidence of Earl's condition while at the VAMC, his treatment, and expert testimony regarding negligence and causation. Plaintiff fails to show that the court's exclusion of some record necessitates a new trial. Further, the court allowed Plaintiff to put in the record numerous additional exhibits at the end of trial that were not even utilized by Plaintiff during trial.

**3. Court Findings Regarding Pain and Medications**

Plaintiff also objects to the court's findings regarding Earl's pain and whether the pain was controlled by medication. Plaintiff argues that this court's finding that Earl's pain was controlled with medication was against the weight of the evidence. Plaintiff simply disagrees with this court's review and weighing of the evidence in this matter. Plaintiff has not shown any error that would require a new trial, amendment of this court's findings, or amendment of the judgment.

**4. Aspiration Event**

Plaintiff argues that this court's findings regarding the aspiration event provided too little detail for review. The court found that Plaintiff had not shown that there was a breach of duty with respect to the aspiration event. (Doc. 483 at 17 n.3.) The aspiration event was the result of

an accidental sip of juice being given to Earl by an unknown volunteer. The court found persuasive the opinion of Connie Cheren, RN, that the accidental sip of liquid given to Earl by an unknown volunteer was not a breach of the duty of care.. (*See* Doc. 483 at 11 (citing the opinion testimony at 1892:17–1893:8).) The court declined to expand on its decision in light of the court's findings regarding the fall. Further, the court held that even if there was evidence of a breach of duty as to any other alleged negligence alleged by Plaintiff, the court would not award any additional damages. Plaintiff has already prevailed in this matter. Given the court's ruling that additional damages would not be awarded for this event, there is no basis for expansion on the court's decision.

**5. Damages**

Plaintiff also argues that the court misapplied or ignored Kansas law on damages. Plaintiff asserts that the court should have awarded damages for disability and disfigurement. Plaintiff also argues that the award is too little and criticizes the court for reviewing other damages award decisions. Notably, the parties referred the court to the cases for its consideration. Although the cases were discussed, the court independently reached a conclusion on damages and also clearly rejected damages for disability and disfigurement. Plaintiff's brief is simply a disagreement with the court's ultimate findings. Plaintiff fails to identify error that would warrant a new trial or amendment of the judgment. This court has spent an inordinate amount of time on this case in the past five-and-a-half years. The court fully reviewed the record and evidence in making its findings.

**6. Fact Assertions**

Finally, Plaintiff asserts that the court must make additional factual findings—more than 80 proposed findings of fact—and additional conclusions of law. (Doc. 485.) As noted by Defendant, the court has already considered these proposed statements of fact and conclusions of

law when ruling on this matter. Plaintiff has merely listed them without identifying how the court erred in not finding each such fact material. The court will not revisit Plaintiff's proposed findings at this stage. In sum, Plaintiff has failed to show that the court made manifest errors in its findings or that the court failed to include material facts in its decision.

## IV. Conclusion[2]

Plaintiff's motions to amend or make additional findings (Doc. 485), for a new trial (Doc. 486), and to strike Defendant's response brief (Doc. 493) are DENIED. Plaintiff is strongly discouraged from filing any further motions in this court seeking reconsideration of prior orders. The court has exhausted its review of this matter and Plaintiff is free to make his arguments to the court of appeals.

IT IS SO ORDERED. Dated this 7th day of October 2026.

s/ John Broomes
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE

[2] Plaintiff also emailed chambers regarding what he perceives to be a breach of the duty of candor to the court by the government attorneys and a dispute about payment to experts. Plaintiff's emails ask the court to issue an order to show cause to the government. Plaintiff did not file a motion seeking relief as to this issue. Plaintiff's primary complaint surrounds the government's argument raised in opposition to Plaintiff's motion to amend his complaint filed on June 14, 2021. (Doc. 49.) Plaintiff asserts that the government's argument that his claim of battery would be barred under 28 U.S.C. § 2680(h) was a false statement of law. Plaintiff also asserts that the government raised this argument in the motion to dismiss. While that motion was granted, the argument at issue was not discussed by the court and Plaintiff was offered an opportunity to amend, which he did. The argument was addressed by the magistrate judge in denying Plaintiff's motion to amend in part. (Doc. 52 at 10–11.) Although Plaintiff argues in his letter that there was authority that the government failed to cite, Plaintiff failed to bring this issue to the court's attention in a timely manner. Plaintiff sought and was granted *four* extensions of time to file an objection to the magistrate judge's order. Plaintiff failed to do so. Therefore, any objection to the ruling made by the magistrate judge more than four years ago has been waived. *See Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1121 (10th Cir. 2005). This court previously said as much in October 2024. (Doc. 400 at 7) ("Further, any argument that the government allegedly misrepresented the law in the briefs filed more than two years ago has long been waived by Plaintiff's failure to timely raise this issue.") Further, given the amount of time that has passed and the fact that the trial in this matter has concluded, the court declines to address the merits of Plaintiff's allegations.